[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Joseph Cotroneo, alleges the following facts in his amended complaint of April 24, 1992. John Blackson (Blackson) was the owner of real property in Olowalo, Hawaii. Blackson sold a one-half interest in this property to the plaintiff, and then transferred the entire property to AAJ, Olowalo, Ltd. (Olowalo). Blackson was a shareholder of the corporation. The defendants in this case are Julia Von Schilling (Von Schilling), the attorney for the corporation and Anthony Fraulo (Fraulo), also an attorney, who is allegedly Von Schilling's employer, contractor, or associate. Plaintiff contends that Blackson, through chicanery, had convinced him that plaintiff's one-half interest in the property could not be recorded on the land records in Hawaii.
Upon learning of the transfer of title from Blackson to Olowalo, the plaintiff placed a caveat on the land records in Hawaii. The plaintiff alleges that Von Schilling, as Olowalo's attorney, demanded by letter dated October 17, 1989 that the caveat be removed. Plaintiff refused to removed the caveat unless his interest was protected.
The plaintiff further contends that on or about December 11, 1989, Richard Audino (Audino), Blackson's former attorney, drafted an escrow agreement that provided that all funds received by Blackson in relation to the property were to be placed in escrow with himself as escrow agent. Blackson agreed that the funds would then be distributed to himself and the plaintiff in accordance with the terms of a letter from Arnold Orlovitz, defendant's attorney, dated May 31, 1989. This letter was incorporated by reference into the escrow agreement, and provided that plaintiff was to receive the first $150,000 that was to be distributed, plus one-half of everything over the next $40,000.00, which was to be distributed to Blackson.
Plaintiff released the caveat and the subject real property was sold in February, 1990. Plaintiff alleges that due to a disagreement among the stockholders of Olowalo, only a partial distribution of the proceeds of the sale had been made to the stockholders at the time of the sale. In accordance with the terms of the escrow agreement, defendant Von Schilling then sent the sum of $100,000.00, which represented a partial distribution of the proceeds, to Audino, the escrow agent, who turned this sum over to the plaintiff.
Plaintiff further contends that sometime during September or CT Page 6 October of 1990, a final distribution was made to the stockholders of Olowalo. Plaintiff alleges that defendant sent $102,140.38 directly to Blackson and that this amount should have been sent to the escrow agent. Furthermore, plaintiff contends that defendant intentionally sent the funds to Blackson instead of to the escrow agent with knowledge of the escrow agreement. Plaintiff claims that he is entitled to $56,070.19 according to the escrow agreement and that he has demanded such payment from Blackson who has refused to pay him.
The amended complaint against the defendants Von Schilling and Fraulo is in three counts. In the first count, plaintiff alleges that Von Schilling, as the attorney and/or agent of Olowalo, had a duty to send $102,140.38 to the escrow agent, that the defendant breached this duty, and thus that she acted negligently, recklessly, and willfully. In the second count, plaintiff alleges that he was a third party beneficiary of an alleged agreement between Olowalo and Von Schilling pursuant to which Von Schilling was to distribute the corporation's assets to Audino, the escrow agent, and that she had breached that agreement. In count three, plaintiff realleges counts one and two against Fraulo based on an alleged agency relationship he had with Von Schilling.
The defendants have now moved for summary judgment (motion #111) pursuant to Practice Book 378. As to the first count, the defendants argue that they did not owe an independent duty to the non-client plaintiff. As to the second count, defendants argue that there was no proof of an agreement between Von Schilling and Olowalo upon which plaintiff could claim to be a third-party beneficiary. ("[T]he plaintiff has failed to disclose the contents of this agreement.") As to the third count, defendants contend that if Von Schilling is not liable, then Fraulo cannot be liable, because the claims against him are derivative in nature.
The purpose of the "summary judgment procedure is . . . to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned then a full dress trial." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 375, 260 A.2d 576 (1969). "[T]he party seeking summary judgment has the burden of showing the non-existence of any material fact"; Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99
(1993); and is held to a strict standard of showing his entitlement to summary judgment. Kakadelis v. DeFrabritis, 191 Conn. 276, 282,464 A.2d 57 (1983). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine CT Page 7 issue of material fact together with evidence disclosing the existence of such an issue." Scinto v. Stamm, supra. The function of the trial court in summary judgment proceedings is not to decide issues of material fact, but rather to determine if any exist. Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752 (1982).
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures [and] written admissions . . . ." Practice Book 380. See Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 363,511 A.2d 333 (1986).
Regarding the first count, Von Schilling submitted an affidavit stating that she had represented Olowalo during the times that are relevant to this lawsuit. She further attested that on February 7, 1990, the corporation closed the sale of its only asset, a parcel of land in Olowalo, Hawaii, the property that had been the subject of the underlying dispute between Blackson and the plaintiff.
Von Schilling further attested that on May 11, 1990, she distributed a portion of the corporate proceeds to Mr. Blackson's former attorney and present escrow agent, Richard Audino. Thereafter, Blackson instructed Von Schilling to transmit the remaining proceeds to his own account. Von Schilling stated that prior to wiring the funds to Blackson's account she learned that Audino, the escrow agent, no longer represented Mr. Blackson's interests in this case. Furthermore, Von Schilling stated that she never represented the plaintiff's interests, and that during the time period in question, the plaintiff asserted an interest in the property held by Olowalo, which was adverse to that of her corporate client.
To recover on a negligence theory, plaintiff must establish that defendant Von Schilling owed him a duty and that she breached that duty. Shore v. Town of Stonington, 187 Conn. 147, 151,444 A.2d 1379 (1982). If the defendant did not owe a duty to the plaintiff, then she cannot be held liable to him for negligence. Id. The question of duty is one of law for the court. Id.
Generally, attorneys are not liable to persons other than their clients, except when the plaintiff can show that he was the intended or foreseeable beneficiary of the attorney's services. Krawczyk v. Stingle, 208 Conn. 239, 244, 543 A.2d 733 (1988). In CT Page 8 Krawczyk v. Stingle, supra, the Supreme Court declined to impose liability on an attorney to third parties for the negligent preparation of estate documents because it would contravene a lawyer's duty of undivided loyalty to his clients. Id., 246. The plaintiffs, as intended beneficiaries, had alleged that the defendant attorney was negligent in failing to prepare documents for the disposition of her client's estate prior to the client's death. Id.
The exceptions to this privity based rule are limited in Connecticut. For example, intended beneficiaries of a testatrix's will had a valid claim against an attorney for negligence in failing to properly follow the testatrix's wishes in preparing her will. Stowe v. Smith, 184 Conn. 194, 199, 441 A.2d 81 (1981). A lender may hold its attorney liable because there is only a potential for conflict because the interests of the borrower and lender are such that an attorney who represents both of them "could reasonably view his relationship with the lender and borrower as non-adversarial." Westport Bank and Trust v. Corcoran, Mallin 
Aresco, 221 Conn. 490, 497-98, 605 A.2d 862 (1992). Despite these exceptions, allowing a third party to intrude into an attorney's primary duty could have a chilling affect on zealous advocacy. Mozzochi v. Beck, 204 Conn. 490, 501, 529 A.2d 171 (1987). Furthermore, a violation of the rules of professional conduct does not in itself give rise to a cause of action. Noble v. Marshall,23 Conn. App. 227, 230, 579 A.2d 594 (1990).
The common thread that holds together the exceptions to the privity rule is the lack of an adversarial relationship between the attorney's client and the third party. In Stowe v. Smith, supra, the beneficiaries of the will did not stand in an adversarial relationship with the attorney's client. Similarly, in Westport Bank and Trust Co. v. Corcoran, Mallin and Aresco, supra, the court was persuaded by the fact that a borrower and lender in a real estate transaction stand in a non-adversarial relationship when one attorney examines the title for both parties. Id., 497.
In the present case, by contrast, an adversarial relationship existed because the defendant Von Schilling, who represented the stockholders of the corporation, sought to protect the interests of her client from the plaintiff's adverse claim to one-half of the subject property. Defendant attested in her affidavit that at all times plaintiff's interests were adverse to her client's interests and that at no time did she represent the plaintiff's interests. In the present case there was an ongoing conflict and if Von CT Page 9 Schilling had been required to consider potential liability to plaintiff, her professional judgment and duty to advocate her client's interests would have been compromised. Westport Bank and Trust Co. v. Corcoran, Mallin and Aresco, supra.
The present case is also distinguishable because the plaintiff was not a foreseeable beneficiary of Von Schilling's transaction. In the present case, Von Schilling did not draft the escrow agreement, but was carrying out her client's instructions not to send the money to the escrow agent. This transaction cannot be characterized as one that directly benefits the third party, as were the transactions in Stowe v. Smith, supra, and Westport Bank v. Corcoran, Mallin and Aresco, supra. In those cases, the attorney rendered a service that was intended to benefit the third party, whereas in this case Von Schilling rendered a service that was only intended to benefit her client. While Von Schilling knew that her decision not to send the funds to Audino would violate the escrow agreement, it is within an attorney's discretion to carry out a client's instruction to breach a contract, and Von Schilling's decision was made solely for the benefit of her corporate client. When an attorney interfered with a transaction and advised his client not to sell, the court noted that "[e]very act of interference is not . . . tortious." Golembeski v. Metichewan Grange No. 190, 20 Conn. App. 699, 704, 569 A.2d 1157
(1990). The court reasoned that otherwise, every attorney could be exposed to liability for good faith advice, thus chilling his willingness to advise clients not to proceed with questionable undertakings.
In the present case, Von Schilling did not owe plaintiff a duty for the performance of legal services because: (1) this was not a transaction intended to benefit the plaintiff directly; and (2) an adversarial relationship existed between plaintiff and Von Schilling's client. If Von Schilling had owed a duty to the plaintiff, she may not have advocated her client's best interests. Thus, there is no genuine issue of material fact, and the defendants are entitled to judgment as a matter of law as to count one.
Count two involves an alleged agreement between Olowalo and Von Schilling which required the latter to make a final distribution of the corporation's assets. Plaintiff claims "on information and belief" that: (1) Von Schilling was obligated to distribute the money paid to Blackson to the escrow agent Audino and did not do so; and (2) plaintiff is a third party beneficiary CT Page 10 to said agreement. There are issues of fact as to whether an agreement existed between Von Schilling and Olowalo that would benefit the plaintiff. Von Schilling's affidavit does not deny that such an agreement exists, nor does the affidavit submit any documentary evidence, such as requests to admit, that would negate such an agreement.
"[T]he party seeking summary judgment has the burden of showing the non-existence of any material fact"; Scinto v. Stamm, supra, 530, and is held to a strict standard of showing his entitlement to summary judgment. Kakadelis v. DeFrabritis, supra, 282. Von Schilling has failed to meet this burden as to count two, because she did not submit any documentary, proof of the nonexistence of an agreement between her and Olowalo.
Furthermore, determining whether a person has a right of action as a third party beneficiary involves questions of intent and motive. Dinardo v. First Constitution Bank,5 Conn. L. Rptr. 250, 251 (November 8, 1991, Spear, J.). Summary judgment procedure is inappropriate where the inferences which the parties seek to have drawn, deal with questions of intent. Batick v. Seymour,186 Conn. 632, 646, 443 A.2d 471 (1982), quoting United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375-76, 260 A.2d 596
(1969). Since this issue involves questions of intent, summary judgment is denied.
Summary judgment as to count three against defendant Fraulo, is granted with respect to the first count, and is denied as to the second count. Issues of fact concerning the nature of defendant Fraulo's relationship with defendant Von Schilling remain, and hence summary judgment regarding the second count is denied.
So Ordered.
Dated at Stamford, Connecticut this 5th day of January, 1994.
WILLIAM BURKE LEWIS, JUDGE CT Page 11