[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The substance of the complaint, first count, is that the defendant operator struck the minor plaintiff, Michael Messina, Jr., as he was crossing a public highway in the Town of West Haven. The second count of the complaint alleges that the minor plaintiff's mother, Barbara Messina, witnessed the incident and observed her child's injuries sustained at the scene of the incident and, as a result, suffered "severe emotional distress and anxiety" for which she seeks damages.
The defendant has moved to strike the second count of the complaint on the ground that it fails to state an actionable cause under Connecticut law. The second count of the complaint is based upon a claimed cause of action commonly referred to as bystander CT Page 10671 emotional distress. The theory was first articulated in 1968 by the California Supreme Court in Dillon v. Legg, 68 Cal.2d 728,69 Cal.Rptr. 72, 441 P.2d 912, when a majority of that court recognized a cause of action for emotional distress on the part of a mother who had seen her child struck and killed by a motor vehicle that did not endanger the mother.
The motion to strike challenges the legal sufficiency of a pleading. P.B., 152. Mingachos v. CBS, Inc., 196 Conn. 91,108-109 (1985). In deciding the motion, the court must look to the facts alleged in the challenged pleading and accept all facts well pleaded as true. See, King v. Board of Education, 195 Conn. 90,93 (1985); Alarm Applications v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545 (1980). The plaintiff herein relies, as she must, upon the criteria set forth in Dillon in opposing the motion to strike and counsel for the parties have more than ably argued, researched and written upon the law. Prior to 1980, the law in our state unequivocally barred recovery for emotional distress or shock arising from one's fear of threatened or actual harm to another. In Strazza v. McKittrick, 146 Conn. 714 (1959), a plaintiff who had, for a number of years previous to the accident, been under medical care for a nervous condition, recovered at trial for, inter alia, damages for injuries due to nervous shock resulting from fear of injury to her child.
The plaintiff relied upon Orlo v. Connecticut Co., 128 Conn. 231,239 (1941), in support of her claim. The rule in Orlo supported a cause of action for one who, having been within the range of ordinary danger, sustained injuries from fright or shock which would constitute proper elements of damage had one sustained a bodily injury. The court in Strazza refused to expand the rule to the class of those alleging injury occasioned by fear of threatened harm or injury to the person or property of another. The court reasoned that "[s]uch injuries are too remote in the chain of causation to permit recovery", Strazza, supra, at 719, and noted that:
 "Even where a plaintiff has suffered physical injury in the accident, there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another."
In 1980, the court, while upholding a trial court decision to strike a count from the complaint, again considered whether to recognize a cause of action for emotional distress to a bystander arising from witnessing injuries negligently inflicted upon another. In turning to Dillon in order to determine whether the criteria enunciated by the California Supreme Court had been met, it was plainly clear to the court that the plaintiff's case failed CT Page 10672 to meet one important factor: the alleged emotional shock had to result from a direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with one who learned of the accident from others after its occurrence. The mother in Amodio based her claim for a cause of action on the allegation that she witnessed, over a period of time, the deterioration of her daughter's health and the momentary stopping of her daughter's heart while being administered mouth-to-mouth resuscitation by the plaintiff and that she participated in the decision to discontinue extraordinary life-support methods.
In declining to adopt the Dillon rule, the court noted that the plaintiff in Amodio did not manifest her alleged injuries for ". . . a considerable period of time after the alleged negligence of the defendants occurred." Some of the language in the court's discussion of Dillon, removed from context, was considered by some to be equivocal enough to keep alive hopes that a proper case, meeting the Dillon criteria, would lead to the adoption of the rule by our Supreme Court. Whatever equivocation may fairly be said to have existed in Amodio was laid to rest in Maloney v. Conroy, 208 Conn. 392 (1988). The Supreme Court specifically refused to adopt the reasoning of Dillon as law in Connecticut after a thorough examination of the rationale cited for and against the rule. More importantly, perhaps, the court rejected Dillon as a matter of public policy in this state:
 "It is a fundamental assumption of jurisprudence that rules of law have an impact on the manner in which society conducts its affairs. We are persuaded that the recognition of a cause of action under the circumstances pleaded in the complaint would have consequences detrimental to the community as a whole that outweigh the benefit a few hypersensitive individuals would be likely to derive from permitting such an action to proceed.
Our Supreme Court having spoken, Judge O'Connell's statement in Caron v. Emerick, 10 C.L.T. No. 39, p. 12 (September 24, 1984) succinctly summarizes the court's position:
 "The issue before this Court is not whether it prefers the reasoning of Dillon over the reasoning of Strazza. The issue is what the Supreme Court has declared to be the law of this state. . . Utter chaos would soon envelop our system of jurisprudence if each trial judge could depart from established law in any case which appealed to his individual sense of CT Page 10673 right and justice. The doctrine of stare decisis is indispensable if we are to have stability and certainty in our law and a well ordered system of jurisprudence."
The motion to strike is granted.
BY THE COURT LEANDER C. GRAY, JUDGE