[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTIONTO STRIKE COUNT III OF PLAINTIFF'S COMPLAINT
The substance of the plaintiff's complaint would reveal the following factual data:
The present action arises out of an accident on September 15, 1992. On that date, at approximately 9:44 p. m., the plaintiff's decedent, Kevin Boyle, (hereinafter the "decedent") was changing a tire on the left shoulder of Route 8 in the Town of Beacon Falls, Connecticut. The defendant's decedent, john Drobot, (hereinafter "Drobot") operated his motor vehicle in such a manner that the decedent was struck and fatally injured. Drobot left the scene of the accident without stopping to offer CT Page 6165 any assistance. On or about May 11, 1993, Drobot died. The defendant, William Kroll, was appointed Administrator of the Estate of Drobot on or about September 3, 1993.
Suit was brought by Ralph Boyle, III, in his capacity as Administrator of the Estate of the Decedent, Kevin Boyle, and in his individual capacity.
The present action was commenced pursuant to a three-count Complaint, dated September 29, 1993. The First Count sounds in negligence and is brought by Ralph Boyle, III, Administrator of the Estate of Kevin Boyle. The Second Count is also brought on behalf of the Plaintiff, Ralph Boyle, III, Administrator of the Estate of Kevin Boyle, and is brought pursuant to Connecticut General Statutes § 14-295. The Third Count is brought on behalf of Ralph Boyle, III, in his individual capacity.
At the time of the accident, Ralph Boyle, III, was standing near the decedent, who was his brother. Mr. Boyle witnessed the decedent suffer injuries, which resulted in the decedent's death. As a result of this incident, the plaintiff, Ralph Boyle, III, suffered great mental anguish and emotional upset.
A Motion to Strike properly challenges the legal sufficiency of the allegations of a complaint. Connecticut Practice Book § 152. A Motion to Strike admits all facts which are well pleaded. Stowe v. Smith, 184 Conn. 194, 196 (1981);Amodio v. Cunningham, 182 Conn. 80, 82-83 (1980). These facts are then construed in the light most favorable to the plaintiff.Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). The court cannot look beyond the pleadings for facts not therein alleged. Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86 (1982). A Motion to Strike which imports facts outside the Complaint is a speaking motion and is improper.Connecticut State Oil Company v. Carbone, 36 Conn. Sup. 181,182-83 (1979). It does not admit legal conclusions or the truth and accuracy of opinions stated in the pleadings.Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The court is limited to the facts alleged in the complaint. King v. Boardof Education, 195 Conn. 90, 93 (1985).
From as early as 1941, the Connecticut Supreme Court noted that "where negligence causes fright or shock in a person CT Page 6166 within the range of physical danger from that negligence, and the fright or shock causes injuries that are recognized as elements of damage if bodily injuries are inflicted, the plaintiff may recover, even though there was no impact and no bodily injury contemporaneous with the shock or fright." Montinieri v.Southern New England Telephone Co., 175 Conn. 337, 342 (1978) construing Orlo v. Connecticut Co., 128 Conn. 231 (1941). TheOrlo court had said
 "Our conclusion is that where it is proven that negligence proximately caused fright or shock in one who is within the range of ordinary physical danger from that negligence, and this in turn produced injuries such as would be elements of damage had a bodily injury been suffered, the injured party is entitled to recover."
Orlo v. Connecticut Co., 128 Conn. at 239.
On the facts of this case, Ralph Boyle, III was standing next to a vehicle while the decedent changed its flat tire. Drobot's vehicle traveled so closely to this vehicle, that it struck and killed the decedent. It is claimed in this case that Drobot was negligent in operating his vehicle at a high rate of speed, and not exercising due care for the protection of pedestrians whom he should have seen.
The Orlo case was construed again in Strazza v.McKittrick, 146 Conn. 714 (1959). In Strazza, the plaintiff was in her second floor kitchen when she heard a crash which later turned out to be a truck striking the rear first floor porch of the house. 146 Conn. at 716. The Supreme Court held that the plaintiff could not recover for her fear that he son may have been on the porch and thereby involved in the accident (which he was not). The Strazza court clearly stated that "she cannot be covered for injuries occasioned by fear of threatened harm or injury to the person or property of another." Id. at 719. (Emphasis added.) The Strazza court, however, was not presented with the factual situation in which a direct emotional impact upon the plaintiff resulted from the sensory and contemporaneous observance of the accident. Roe v. Hocon Gas,Inc., 7 CSCR 371 (March 2, 1992, Rush, J.), (citing Strazza,146 Conn. 714; see also Dillon v. Legg, 68 Cal.2d 728,441 P.2d 912 (1968)). CT Page 6167
In the defendant's memorandum in support of this Motion to Strike, he asserts that "[a] claim for bystander emotional distress is not valid under existing Connecticut law," apparently relying, in part, on Maloney v. Conroy, 208 Conn. 392
(1988). However, Maloney was a medical malpractice case where the court clearly stated that "we should return to the position we articulated in Strazza. . . ." Maloney,208 Conn. at 402. Maloney involved a "bystander" emotional disturbance claim of a relative to a victim of medical malpractice. The court in Maloney reaffirmed the earlier holding of Amodio v.Cunningham, 182 Conn. 80 (1980), that there could be no recovery by one who witnesses the death, deterioration of health, and suffering of a relative caused by medical malpractice.
In the present action, the crux of the defendant's claim is that there is no cause of action in Connecticut for "bystander" emotional distress. Nevertheless, as the defendant correctly notes, there exists a split of authority among the Superior Courts as to whether a claim for bystander emotional distress is valid under Connecticut law. The plaintiff urges this court to follow the majority view of the Superior Courts that have recognized such a claim.
Certain of the cases cited by the defendant in his Memorandum in Support of his Motion to Strike did not involve bystanders that were present at the scene of the injury producing event and were aware that the victim was sustaining an injury.See Seymour v. Patterson, 2 Conn. L. Rptr. 711 (November 8, 1992, Freed, J.) (plaintiff, not a witness, "heard what later proved to be gun shots"); Uricheck v. Amazing Stores,6 CSCR 768 (July 31, 1991, Murray, J.) (following Maloney andAmodio, that there can be no recovery in the medical malpractice context); Carter v. Shaw, 5 Conn. L. Rptr. 248 (November 25, 1991, Fracasse, J.) (uncle not within zone of danger, witnessing only the subsequent injury, not the accident itself);Belanger v. Glastonbury, 3 Conn. L. Rptr. 478 (April 22, 1991, Freed, J.) (mother a witness only to physical injury, not the accident); Messina v. Vellafonck, 7 CSCR 109 (December 13, 1991, Gray, J.) (mother not within zone of danger herself);Guy v. Reed, 5 Conn. L. Rptr. 45 (March 4, 1992, Hurley, J.) (plaintiff not present at the scene of the injury).
Other Superior Court cases that recognize the validity of claims for bystander emotional distress, copies of which CT Page 6168 have been supplied by the plaintiff, appear more clearly on point with the facts in the present action. For example, inLemoine v. Soboleski, 2 Conn. L. Rptr. 569 (October 4, 1990, O'Keefe, J.), the plaintiff was brushed by a speeding vehicle, which struck and killed her sister, who was walking next to her. The court denied a motion to strike in which the defendant claimed that Connecticut did not allow a cause of action for "bystander" emotional distress. Similarly, in Short v.Connecticut, 4 Conn. L. Rptr. 77 (May 13, 1991, Schimelman, J.), a mother and two daughters were walking in Middletown when a psychiatric patient escaped and stabbed to death one of the daughters. Again, the court denied the defendant's motion to strike the claims of the mother and sister for emotional distress caused by the stabbing of their relative. See also, Lawrencev. Sniffen, 3 Conn. L. Rptr. 278 (February 21, 1991, Ryan, J.), (court denied defendant's Motion to Strike where minor plaintiff was in the same room as her grandfather when he was shot in the abdomen by the defendant.)
In Oberg v. Niebielski, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 335920 (March 4, 1992, Hennessey, J.), the court summarized the leading Supreme Court cases on claims for bystander emotional distress in Connecticut. The court noted that Connecticut Superior Court decisions that have interpreted such cases have both allowed bystander emotional distress claims, see, e.g., Shortv. Connecticut, supra, 77; Salvadori v. Rivera,4 Conn. L. Rptr. 16 (May 2, 1991, Lewis, J.); Lawrence v. Sniffen, supra, 278; Robson v. Schoenster, 3 Conn. L. Rptr. 275 (February 21, 1991, Ryan, J.); Trapp v. W. H. Co-op Marina,3 Conn. L. Rptr. 38 (December 18, 1990, Schimelman, J.); Spencer v. Colby,3 CSCR 276 (February 2, 1988, Hennessey, J.) and have barred bystander recovery for emotional distress, see, e.g., Silva v.Carlson, 5 Conn. L. Rptr. 433 (January 9, 1992, Mihalakos, J.);Messina v. Vellafonck, 5 CTLR 329 (December 11, 1991, Gray, J.); Carter v. Shaw, 5, supra; Uricheck v. Amazing Stores,Inc., supra; Belanger v. Glastonbury, 3 supra. However, the majority of Connecticut courts faced with this issue recognize such a cause of action. Kearney v. Philips Industries, Inc.,708 F. Sup. 479, 483 (D.Conn. 1989).
The case that most resembles the facts in the present action is Roe v. Hocon Gas Inc., 7 CSCR 371 (March 2, 1992, Rush, J.). In Roe, the court recognized the split of authority in the Superior Courts on the validity of bystander emotional CT Page 6169 distress claims. The court distinguished the three Connecticut Supreme Court decision on this issue. The Roe court concluded that Amodio and Maloney were limited to medical malpractice claims. Furthermore, the Roe court found Strazza
distinguishable in that the facts in Strazza did not establish any direct emotional impact on the plaintiff resulting from the sensory and contemporaneous observance of the accident. Id. (Citation omitted). In Roe, as in the present action, there was such a direct emotional impact. In Roe, the plaintiff claimed to have witnessed her husband being hurled through the air as a result of an explosion. Id. Based on these facts, the court denied defendant's Motion to Strike.
In the present action, the plaintiff witnessed the decedent being thrown down the highway as a result of the impact with Drobot's vehicle. In both the present action and Roe, the plaintiff witnessed the victim being thrown as a result of an injury producing event.
Although the Connecticut Supreme Court in Amodio and Maloney did not expressly adopt the test set for in Dillon v.Legg, 68 Cal.2d 728, 441 P.2d 912 (1968), the Connecticut Supreme Court discussed the three factors articulated in Dillon
that must be satisfied for the plaintiff to recover under a bystander emotional distress claim. These three factors include the following: (1) whether the plaintiff was located near the scene of the accident as contrasted with one who is a distance away from it; (2) whether the shock resulted from the direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; (3) whether the plaintiff and the victim are closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. (Oberg, supra, 2074 citingMaloney, 208 Conn. at 395-96). The Oberg court stated that the three Dillon facts aid in determining whether the injury to the plaintiff was "reasonably foreseeable and thereby gives rise to a duty owed by the defendant." Id., citing Amodio, 182 Conn. at 88.
The Oberg court further noted that the 1989 California Supreme Court explained and refined the Dillon case further in the case of Thing v. LaChusa, 48 Cal.3d 644,257 Cal.Rptr. 865, 771 P.2d 814 (1989). The Thing court held that a plaintiff may recover damages for emotional distress caused by observing CT Page 6170 the inflicted injury of a third person if the plaintiff met the following three requirements: (1) a close relationship to the injury victim; (2) the presence at the scene of the injury producing event at the time it occurred and the awareness that it was causing injury to the victim; and (3) and as a result, he suffered serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.Oberg, supra, citing Thing 771 P.2d at 829-30. The Oberg court found that the Dillon factors, as refined by Thing, constituted the necessary elements of a bystander emotional distress claim in Connecticut. In Oberg, the court found that the plaintiff had the three factors set forth in Thing and, accordingly, denied defendant's Motion to Strike the bystander emotional distress claim.
In the present action, these three factors are clearly met. First, Ralph Boyle was closely related to the injury victim as he was his brother. Second, he was present at the scene of the injury producing event at the time that it occurred. Specifically, he was standing in front of the vehicle on which the decedent was working. Mr. Boyle was aware that the injury producing event was causing injury to the decedent in that he saw the decedent rolling on the roadway immediately after impact with Drobot's vehicle. Third, as a result of witnessing this incident, Mr. Boyle suffers serious emotional distress and has sought professional help.
This court follows the majority view shared by the Connecticut Superior Courts recognizing the validity of bystander emotional distress claims. The plaintiff's objection to the defendant's Motion to Strike is sustained. The defendant's Motion to Strike is denied.
LEONARD W. DORSEY STATE TRIAL REFEREE CT Page 6171