HARVEY H. STOWE *v.* EARLE W. SMITH

BOGDANSKI, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued March 4—decision released May 12, 1981

*John S. Barton,* with whom, on the brief, was *William B. Rush,* for the appellants (plaintiffs).

*Ralph G. Eddy,* for the appellees (defendants).

BOGDANSKI, C. J. This is an appeal from the action of the trial court in granting a motion to strike the plaintiff's substituted complaint.

The original complaint made the following allegations. The plaintiff's mother instructed the defendant, an attorney at law, to prepare a will which would provide that one-half of her estate be held in trust for the plaintiff; that when the plaintiff attained the age of fifty the assets of the trust would be distributed to him; but that upon the plaintiff's death prior to attaining the age of fifty, the assets of the trust would be distributed to the plaintiff's issue. The defendant informed the mother that he had prepared the will in accordance with her instructions including, specifically, the exact provision she had requested for the plaintiff. She did not read the will, but executed it in reliance on the defendant's representations. Six days later she died. The will was admitted to probate before the plaintiff discovered that it did not conform to his mother's instructions. Instead, the will provided that when the plaintiff attained the age of fifty or upon his earlier death the principal of the trust would be distributed to his issue. Claiming that the defendant's mistake in preparing the will invalidated it, the plaintiff appealed the probate of the will. In an effort to mitigate damages, however, he ultimately settled that appeal. The settlement allowed the plaintiff three-fourths of the share he would have received had the will conformed to his mother's instructions.

The trial court granted a motion to strike the original complaint on the ground that it lacked an allegation that the defendant intended to assume a

direct obligation to the plaintiff. Thereafter, the plaintiff filed a substituted complaint which repeated the allegations of the original complaint but further alleged that the testatrix and the defendant intended that the defendant, by his agreement to prepare her will in accordance with her instructions, would assume a direct obligation to the intended beneficiaries of the testatrix.

In his substituted complaint the plaintiff seeks to recover damages as a third party beneficiary of the defendant's agreement with the testatrix to prepare her will in accordance with her instructions. On a motion to strike that challenges the sufficiency of a complaint to state a cause of action, all well pleaded facts are admitted; *England* v. *Coventry,* 183 Conn. 362, 365, 439 A.2d 372 (1981); and the allegations of the complaint must be construed most favorably to the plaintiff. *McAdam* v. *Sheldon,* 153 Conn. 278, 280, 216 A.2d 193 (1965).

We have stated that a third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party.[1]

[1] Commentators generally look upon the intent of the promisee, if the promisee had any relevant intent, as governing whether a third party may enforce a contract as a donee beneficiary. Restatement (Second), Contracts, c. 6, Introductory Note and § 133 (Tent. Draft 1973); 2 Williston, Contracts (3d Ed.) § 356A, pp. 836, 839 n.19; 4 Corbin, Contracts § 776, p. 16.

Williston has criticized *Colonial Discount Co.* v. *Avon Motors, Inc.,* 137 Conn. 196, 75 A.2d 507 (1950) and *Byram Lumber & Supply Co.* v. *Page,* 109 Conn. 256, 146 A. 293 (1929) for proposing as a universal test of third party rights the intent of the contracting parties to impose on the promisor a direct obligation to the third party. 2 Williston, op. cit. § 356A, pp. 838–39.

Corbin views the ideas that lie behind such terms as "purpose," "motive," and "intention" as obscure and elusive. 4 Corbin, op. cit. § 776, pp. 14–15. The problem before the courts, he says, "is to draw the line between those third persons whose benefit is so indirect and

*Byram Lumber & Supply Co.* v. *Page,* 109 Conn. 256, 259, 146 A. 293 (1929). See *Knapp* v. *New Haven Road Construction Co.,* 150 Conn. 321, 325, 189 A.2d 386 (1963); *Congress & Daggett, Inc.* v. *Seamless Rubber Co.,* 145 Conn. 318, 324, 142 A.2d 137 (1958); *Colonial Discount Co.* v. *Avon Motors, Inc.,* 137 Conn. 196, 200, 75 A.2d 507 (1950); *Pavano* v. *Western National Ins. Co.,* 139 Conn. 645, 648, 96 A.2d 470 (1953). See also *Baurer* v. *Devenis,* 99 Conn. 203, 121 A. 566 (1923). On the basis of the new allegations, we conclude that the substituted complaint sets forth a cause of action for the plaintiff as a third party beneficiary of a contract.

We reject the defendant's argument that as a matter of law a promisor cannot intend to assume a direct obligation to a third party unless the promisor's performance is to be rendered directly to that party. Contracts for the benefit of a third party are enforceable without any requirement that the promisor's performance be rendered directly to the intended beneficiary. *Lucas* v. *Hamm,* 56 Cal. 2d 583, 590, 364 P.2d 685 (1961), cert. denied, 368 U.S. 987, 82 S. Ct. 603, 7 L. Ed. 2d 525 (1962); *Walker Bank & Trust Co.* v. *First Security Corporation,* 9 Utah 2d 215, 341 P.2d 944 (1959); Restatement (Second), Contracts § 133, Comment a; 2 Williston, Contracts (3d Ed.) § 356, p. 829; 4 Corbin, Contracts (1971 Sup.) § 777, pp. 14–15, n. 37.

A promise to prepare a will pursuant to the instructions of a testatrix states a direct obligation

incidental that it is not sound policy to let them enforce the contract, and those other persons whose benefit is so direct and substantial and so closely connected with that of the promisee that it is economically desirable to let them enforce it. The law would profit greatly if the courts would concentrate upon this aspect of the problem and cease to state the questions merely in terms of the supposed 'intent' of the parties." 4 Corbin, op. cit. § 786, p. 95.

to render a performance beneficial to her, i.e., the creation of a document which would enable her upon her death to effect the transfer of her assets to the beneficiaries named in her instructions. *Lucas* v. *Hamm,* supra, 589–90. It is established that merely drafting and executing a will creates no vested right in a legatee until the death of the testatrix. *Krause* v. *Krause,* 174 Conn. 361, 365, 387 A.2d 548 (1978); *Faggelle* v. *Marenna,* 131 Conn. 277, 280, 38 A.2d 791 (1944); *Cramer* v. *Hartford-Connecticut Trust Co.,* 110 Conn. 22, 28–29, 147 A. 139 (1929); *Heyer* v. *Flaig,* 70 Cal. 2d 223, 230–31, 449 P.2d 161 (1969).

The present complaint, however, alleges that the defendant assumed a relationship not only with the testatrix but also with the intended beneficiaries. If the defendant thwarted the wishes of the testatrix, an intended beneficiary would also suffer an injury in that after the death of the testatrix the failure of her testamentary scheme would deprive the beneficiary of an intended bequest. It therefore follows that the benefit which the plaintiff would have received under a will prepared in accordance with the contract is so directly and closely connected with the benefit which the defendant promised to the testatrix that under the allegations of the complaint the plaintiff would be able to enforce the contract. 4 Corbin, op. cit. § 782, pp. 86–87; id., § 786, p. 95; 2 Williston, op. cit. § 357, pp. 843–44.

Lastly, the defendant contends that liability for an attorney's mistake in preparing a will sounds only in tort not contract. *Lucas* v. *Hamm,* supra, recognizes that a person named in an invalid will could recover as an intended third party beneficiary of an attorney-client agreement to prepare that

will, if the attorney's error caused the loss.[2]  Other courts have also recognized a third party beneficiary contract action on similar facts.  *Woodfork* v. *Sanders,* 248 So. 2d 419, 425 (La. App.), cert. denied, 259 La. 759, 252 So. 2d 455 (1971); *Guy* v. *Liederbach,* 275 Pa. Super. 543, 548–49, 421 A.2d 333 (1980).

Some complaints state a cause of action in both contract and tort.  Prosser, Law of Torts, p. 621 (4th Ed. 1971).  When rules governing contract actions conflict with those governing tort actions courts sometimes characterize an action as either contract or tort and choose the applicable rule accordingly.[3]  Ibid.  Unless a particular conflict[4] between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both.  *Watrous* v. *Sinoway,* 135 Conn. 425, 426, 65 A.2d 473 (1949); *Dean* v. *Hershowitz,* 119 Conn. 398, 406, 177 A. 262 (1935); *Hickey* v. *Slattery,* 103 Conn. 716, 719, 131 A. 558 (1926), overruled on other grounds, *Hitchcock* v. *New Haven Trust Co.,* 134 Conn. 246, 259, 56 A.2d 655 (1947),

---

[2] *Lucas* v. *Hamm,* 56 Cal. 2d 583, 364 P.2d 685 (1961), cert. denied, 368 U.S. 987, 82 S. Ct. 603, 7 L. Ed. 2d 525 (1962), further holds that such a third party beneficiary could also recover on a tort theory.  *Licata* v. *Spector,* 26 Conn. Sup. 378, 255 A.2d 28 (1966), overruled a demurrer to an intended beneficiary's tort action.

[3] Other courts allow the plaintiff to elect freely which action to bring.  The conflict among these decisions has produced considerable confusion.  Prosser, Law of Torts, p. 621 (4th Ed. 1971).

[4] Faced with a conflict between a tort rule which allowed the beneficiary of a will to maintain an action and a contract rule which would have barred it, the California Supreme Court labeled the contract theory "conceptually superfluous."  *Heyer* v. *Flaig,* 70 Cal. 2d 223, 228, 449 P.2d 161 (1969).  *Heyer,* however, did not reject the principle of *Lucas* v. *Hamm,* 56 Cal. 2d 583, 364 P.2d 685 (1961), cert. denied, 368 U.S. 987, 82 S. Ct. 603, 7 L. Ed. 2d 525 (1962), that an intended beneficiary of an invalid will has a cause of action in both contract and tort.

overruled on other grounds, *Tuohey* v. *Martinjak,* 119 Conn. 500, 507, 177 A. 721 (1935).

Because no invalidity appears on the face of the will, the present case may very well present greater obstacles to recovery than cases in which intended beneficiaries brought actions against attorneys who prepared ineffective wills. The extent of these difficulties, however, does not affect our present determination, which concerns only whether the complaint states a cause of action.

There is error, the judgment is set aside and the case remanded for further proceedings in accordance with the law.

In this opinion the other judges concurred.