[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OF MOTION TO STRIKE BY DEFENDANTS CORCORAN, MALLIN ARESCO AND JOHN R. MALLIN (#108)
A motion to strike serves the limited function of testing the facial legal validity of a complaint. The parameters of this analysis are black letter law. The court is limited to the stated facts. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1980). These facts must be construed in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278 (1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 362,370 (1986).
The following facts are alleged in plaintiff's complaint.
Charles Munigle, doing business as MKP Westport, hired the law firm of Corcoran, Mallen and Aresco to provide legal services to document and close a construction loan secured by a second mortgage on real estate lots he owned, known as lots CT Page 3241 numbered 5 and 6. The legal corporation (hereinafter "CMA") prepared an opinion letter by John R. Mallin to the effect that Mr. Munigle had the right and power to execute the loan documents, and that there were no encumbrances on the real estate except those listed in the mortgage or in the title insurance policy.
Mr. Munigle included the opinion letter among the documents he used to secure the second mortgage from the plaintiff, Westport Bank Trust Company (hereinafter Westport BT). The Westport BT mortgage was junior to a loan previously granted by United Bank Trust of Hartford, secured by the same real estate, and not noted on the title search report.
Lot 6 was sold at a foreclosure auction, and the plaintiff bank was unable to recover any portion of its $225,000.00 second mortgage.
Count one sounds in negligence and carelessness against defendants CMA and John R. Mallin. The defendants CMA and John R. Mallin filed a motion to strike count one of the Westport BT complaint on August 29, 1990, claiming that count one failed to state a cause of action in that, absent an attorney-client relationship, the law does not recognize an action against an attorney for negligent rendering of services upon the allegations presented by the subject complaint. This, of course, is disputed by the plaintiff.
In the context of this case, and as framed by the parties' arguments, the critical questions are whether the complaint alleges either an attorney-client relationship or third party liability by an attorney to a non-client sufficient to defeat a motion to strike. The short answer is no.
No reading of the complaint, even in the broadest permissible sense, establishes directly or by inference an attorney-client relationship between the plaintiff and moving defendants. Nor does the complaint, read in the same fashion, contain the essential allegation that the defendants intended to assume a direct obligation to the plaintiff as required in Stowe v. Smith, 184 Conn. 194, 196 (1981). These facial inadequacies alone warrant the striking of this complaint. Pleading over may cure these defects. Accordingly, that answer begs the question.
The ultimate issue, and properly addressed by a motion to strike, is whether, as a matter of law, in light of public policy, the non-client third party liability exception recognized in the so-called "will" cases should be recognized in the context at hand where an attorney representing a borrower submits a required title letter to the lender in order for his CT Page 3242 client to receive the loan. The answer is found in Krawczyk v. Stingle, 208 Conn. 239 (1988), wherein our supreme court addressed the matter of expansion of the third party rule beyond potential liability to will beneficiaries. The general rule is that attorneys are not liable to persons other than their clients for the negligent rendering of services. Krawczyk, supra, at 244.
The court went on to note that determining when attorneys should be held liable to parties with whom they are not in privity is a question of public policy hinging on several factors. Id. at 245. The principal inquiry is whether the primary or direct purpose of the transaction was to benefit the third party.
In the situation at hand, there is no reasonable basis to draw such an inference. In the reality of the marketplace between lender and borrower, there can be no question that the primary purpose of a title letter is for the benefit of the client for without such letter he will not receive his loan. Any benefit to the bank is incidental.
More significantly, the Krawczyk court notes that "courts have refrained from imposing liability when such liability has the potential of interfering with the ethical obligations owed by an attorney to his or her client." Id. at 246. This court perceives the holding of Krawczyk to be that the exception we are dealing with here should not be expanded into areas where there is serious potential for conflicts of interest if an attorney is required to serve two masters. This court does not know of an area more filled with potential conflicts of interest than the area of lender and borrower relationships. Our dockets are filled with instances where such relationships have broken down. Collection actions and foreclosures crowd our dockets. Lender liability is emerging as a defense or counterclaim in many of these cases. To require an attorney to give allegiance to more than one master in this context would seriously undermine the central dimension of the attorney-client relationship which is the attorney's duty of entire devotion to the interest of his client. Id. at 246.
In recognition of this concern the Krawczyk court concluded by stating:
 Prophylactic principles of public policy counsel against rules of liability that promote such conflicts of interest.
Id. at 247. CT Page 3243
Continental Gas Co. v. Pullman, Comley, Bradley Reeves, et al, 709 F. Sup. 44 (D. Conn. 1989), lends support to this court's conclusion that the overreaching theme of the Connecticut Supreme Court in Krawczyk and related cases has been to preserve the sacrosanct relationship between attorney and client. Public policy demands it not be jeopardized. Accordingly, this court must conclude as a matter of law and public policy, the plaintiff has not stated a recognizable cause of action against the moving defendants.
The motion to strike is granted.
JOSEPH A. LICARI, JR., JUDGE