[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (109)
In this action by an engineering firm to recover for services claimed to have been rendered. Defendant has answered the complaint and interposed special defenses and counterclaims. The second counterclaim purports to set forth a claim under Connecticut General Statutes Section 42-110b, the Connecticut Unfair Trade Practice Act (CUTPA). Plaintiff has moved to strike the second counterclaim.
As a preliminary matter it is noted that the motion CT Page 4061 to strike is not in conformance with Practice Book Section 154 which requires that the motion specify the reason or reasons for the claimed legal sufficiency. Since their deficiency has not been raised by defendant and since the issue sought to be raised is not obfuscated by the defect it will be waived. Blancato v. Feldspar Corporation, 203 Conn. 34, 36 n. 3 (1987).
Plaintiff by its brief claims that the second counterclaim is insufficient in law in that the factual allegations are inadequate to sustain the claim under CUTPA.
A motion to strike is the proper vehicle for attacking the legal sufficiency of a pleading. See, Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Conn. Practice Book Section 152 (1978). The motion admits all those facts in the challenged pleading which are well pleaded, Stowe v. Smith,184 Conn. 194, 196 (1981), but does not admit opinions or legal conclusions. Mingachos, 196 Conn. at 108. If the facts provable under the allegations would support a defense or cause of action then the motion must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). The allegations of the second counterclaim which incorporate certain provisions of the first counterclaim may be summarized as follows.
Plaintiff was retained by defendants to design a wave barrier system that would satisfy state and federal permitting agencies at a cost of approximately $800,000.00 $900,000.00. Plaintiff represented that it had the professional capability and knowledge to design such a system for the budgeted amount. Plaintiff was unable to formulate a workable design and was considerably over budget requiring defendants to engage another engineering firm to provide an analysis. Only after this other firm provided the analysis did plaintiff provide a system within the stated budget. Meanwhile defendants had paid plaintiff $486,609.37 for an unapproved design. In addition plaintiff's failure to follow defendant's instructions caused the project to be delayed during which time the permit requirements were changed necessitating a redesign of its project.
The second count specifically alleges that plaintiff represented to defendant that it had the experience, knowledge and expertise to design a wave barrier system which would meet the permit requirements and be within budget. In spite of the representation plaintiff continued to produce redesigns which did not meet the permit requirements and were not within the budget. Plaintiff continued to bill and take payments for the unapproved plans knowing they were unacceptable and over budget. CT Page 4062
The question raised by the motion is, do these allegations set forth a proper claim under CUTPA? In describing whether an action or practice is unfair, so as to be actionable under CUTPA, the Supreme Court of this state has adopted the criteria set out in the "cigarette rule" of the Federal Courts.
 "(1)[W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in the words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (competitors or other businessmen)." Mead v. Burns, 199 Conn. 651, 664 (1986).
In Conaway v. Prestia, 191 Conn. 484 (1983) the Supreme Court upheld the Trial Court's conclusion that the continued collection of rents for uninhabitable apartments without the certificates of occupancy required by ordinance constituted unfair or deceptive acts or practices.
The gist of the second counterclaim in the allegation that plaintiff continued to produce redesigns that did not meet the requirements and were not within budget, and to bill defendant therefore knowing that the plans being produced were unacceptable. The course of conduct alleged here is similar in nature to that in Conaway.
In assessing the sufficiency of the allegations of the second counterclaim the court must consider those allegations in the light most favorable to the pleader. Amodeo v. Cunningham, 182 Conn. 80, 82 (1980). In assessing the allegation of the second counterclaim it must be concluded that such allegations would support a claim under CUTPA and that the motion must be denied.
Accordingly, the motion to strike is denied.
PURTILL, J. CT Page 4063