[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (112)
In this action to recover on a note defendant has filed an answer and a two count counterclaim. The second count of the counter claim purports to allege unfair trade practices in violation of General Statutes Section 42-110b, the Connecticut Unfair Trade Practice Act (CUTPA). Plaintiff has moved to strike the second counterclaim. CT Page 4007
Plaintiff claims that the second counterclaim is insufficient in law in that the factual allegations, are inadequate to sustain the claim under CUTPA.
A motion to strike is the proper vehicle for attacking the legal sufficiency of a pleading. See, Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Conn. Practice Book Section 152 (1978). The motion admits all those facts in the challenged pleading which are well pleaded, Stowe v. Smith,184 Conn. 194, 196 (1981), but does not admit opinions or legal conclusions. Mingachos, 196 Conn. at 108. If the facts provable under the allegations would support a defense or cause of action, then the motion must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
In describing whether an action or practice is unfair, so as to be actionable under CUTPA, the Supreme Court of this state has adopted the criteria set forth in the "cigarette rule" of the Federal Courts. See Mead v. Burns,199 Conn. 651, 664 (1986).
It is noted that the motion to strike admits only facts well pleaded and not legal conclusion. Considering all of the facts alleged in the second counterclaim and the facts necessarily implied by and fairly provable under such facts it must be found that defendant has failed to allege a cause of action under CUTPA and the motion to strike must be granted.
Accordingly, the motion to strike is granted.
PURTILL, J.