[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (110)
This action arises, out of a contract under the terms of which plaintiff purchased a house from defendant. Plaintiff has spelled out, his, action in ten separate counts. The seventh count purports to set forth a claimed violation of General Statute Section 42-110b, the Connecticut Unfair Trade Practice Act (CUTPA), against the corporate defendant. The tenth count is a CUTPA claim against individual defendants Mattera and Turner.
Defendants have moved to strike counts seven and ten. The motion is predicated on the claim that the allegations are insufficient in law because the counts allege a single and isolated instance of unfair practice that arises out of private controversy.
As a general rule, the court in its consideration, is limited to the grounds set forth in the motion to strike. Meredith v. Police Commissioner, 182 Conn. 138, 140 (1980). Here the movant's brief raises the additional question of whether the amount of damages alleged constitutes a substantial injury. Plaintiffs have responded to this issue in their brief and it has been covered in argument. For this reason the court will also consider the question.
For reasons hereinafter stated the motion to strike is denied.
A motion to strike is the proper vehicle for attacking the legal sufficiency of a pleading. See, Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Conn. Practice Book Section 152 (1978). The motion admits all those facts in the challenged pleading which are well pleaded Stowe v. Smith184 Conn. 194, 196 (1981), but does not admit opinions or legal conclusions. Mingachos, 196 Conn. at 108. If the facts provable under the allegations would support a defense or cause of action, then the motion must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
There appears to be a division of authority as to whether a litigant is required to allege more than a single transaction in order to bring a claim under CUTPA. A review of the authorities cited indicates that those decisions which hold that single act is sufficient for liability under CUTPA CT Page 4741 are based upon solid legal grounds and are in accordance with the intent of the statute.
It therefore, must be, concluded that the, claim that counts seven and ten are defective because a single incident of unfair practice must fail.
On the second issue defendant has correctly asserted that before plaintiff can recover for an unfair injury under CUTPA, he must allege and prove a substantial injury. Web Press Services Corporation v. New London Motors, Inc.,205 Conn. 479, 484 (1987).
Although the sum of $3,000.00 is mentioned in the complaint as previously expended by the plaintiff, there are allegations concerning future expenditures and the statement of the amount, in demand indicates, a claim in excess of fifteen thousand dollars.
It must then be found that plaintiff has alleged a substantial injury.
Accordingly, the to strike is denied.
PURTILL, J.