[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
1. As to Count One — Denied — The basis of the claim is not that Defendants harbored or controlled the cat, but rather that they failed to keep common areas of the premises safe by allowing a cat to be on those areas when they knew or should have known of the vicious propensity of the cat known as "Rubin".
 The Defendants have the burden of showing the absence of any genuine issue of material fact. They have submitted no affidavits or other proof which would show that the Defendants did not have actual or constructive knowledge that "Rubin" was aggressive, mischievous and of a vicious propensity. Nor have they submitted anything to show that the Defendants did not have actual or constructive knowledge of "Rubin's" presence on the common areas of the premises. Therefore, genuine issues of material fact remain.
 The Defendants also claim that Count One does not allege a common law action for damages, but the Court CT Page 6281 finds that it is an allegation of a common law negligence action for damages and hence not legally insufficient.
2. As to Count Two — Granted — Plaintiffs allege breach of a contract between Plaintiffs and Defendants, and that said contract is set forth in paragraphs 6 and 7 of Count One. On Page 2 of Plaintiffs' Memorandum of Law, they refer to Rule 5(f) of the Lease, which provides that "Tenants shall not keep or maintain dogs, cats or animals in the apartment without the written consent of the landlord." They state that they are third-party beneficiaries of a lease with the same provisions between the Defendants and another tenant, and that it is "the defendants' failure to enforce this provision that provides the basis of the Complaint." Count 2 is a legally insufficient third-party beneficiary claim, because the Plaintiffs have not alleged that the Defendants and another tenant entered into a contract intending that the Defendants should assume a direct obligation to the Plaintiffs. See Stowe v. Smith, 184 Conn. 194, 196. (1981). In fact, the first paragraph of Section 5. of the Lease attached as Exhibit A by the Plaintiffs specifically states "You (Landlord) need not enforce Rules against other tenants. You are not liable to me if another tenant breaks these Rules. I receive no rights under these Rules."
3. As to Count Three — Granted —
 There is no claim that Heath Clark was in the exercise of a public right and therefore any cause of action must be based on a claim of private nuisance. This Count is a claim of absolute nuisance.
 An absolute nuisance has been defined as one not originating in negligence, but created by intention (the intention not being to commit a wrong, but to create the condition out of which the nuisance arose)." Conn. Law of Torts, Second Edition, Wright and Fitzgerald, referring to DeLahunta v. Waterbury, 134 Conn. 630, 634
(1948).
Allowing a cat to be on the premises is a claim of negligence, thereby excluding absolute nuisance. Pleadings do not allege legally sufficient cause of action. CT Page 6282
4. As to Count Four — Denied —
This count is based on negligent nuisance. The Plaintiffs claim the keeping and maintenance of the cat under the circumstances alleged constitute a negligent nuisance. It is based on negligent acts and omissions, and the Plaintiffs, as tenants, may have a property interest in the common areas of the premises sufficient to give them a cause of action in nuisance. There are factual allegations sufficient to state a cause of action for negligent nuisance. See Paragraph 10 of Count Four.
5. As to Count Five — Denied —
Since Counts One and Four remain in the case, Count Five which is derivative of them, should remain.
Richard A. Walsh, J.