[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED DECEMBER 19, 1994
On April 1, 1992, the plaintiff, Leonard A. DeFusco, filed a six count legal malpractice action against the defendants, Dwight O. Schweitzer, Edward Morelli, and Charles C. Greenwald, for damages that resulted from a 1990 divorce proceeding. In counts one through four plaintiff alleges the following facts: In the fall of 1984, the plaintiff engaged Attorneys Schweitzer and Morelli, who prepared an antenuptial agreement which plaintiff signed on January 4, 1985, two days before his marriage to Maxine Casey on January 6, 1985.
Counts one and two sound in negligence and are directed against Schweitzer and Morelli and allege that they fraudulently concealed from the plaintiff their lack of experience and competence in preparing and executing such agreement, which was subsequently held invalid in a court proceeding.
Counts three and four sound in breach of contract and are directed also against Schweitzer and Morelli.
On November 20, 1992, and September 23, 1993, Morelli and Schweitzer, respectively, filed answers containing three similar special defenses; the first alleges that the counts in negligence are barred by General Statutes § 52-577; the second alleges that the counts for breach of contract are barred by General Statutes § 52-576; the third alleges negligence of the
I. CT Page 12217-X
Defendant's Motion for Summary Judgment
On April 22 1994, Morelli filed a motion for summary judgment on the ground that the negligence and breach of contract counts are barred by General Statutes §§ 52-577 and 52-576, respectively, along with his affidavit in support of the motion and a copy of the court's memorandum of decision in DeFusco v. DeFusco,
the dissolution action.
 II.
COUNT TWO — NEGLIGENCE
Morelli argues that the three-year tort statute of limitations set forth in § 52-577 applies to legal malpractice claims of negligence, and that because the plaintiff failed to commence this action within three-years of the date in which the agreement was executed, the second count of the plaintiff's complaint is barred.
Plaintiff argues that the court should construe the statute not as running from the date of "occurrence" rule but from the date of "discovery," and therefore not a bar to this cause of action.
Section 52-577 reads as follows: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." This statute applies to all torts which are not specifically covered by another statute. Collens v. New CanaanWater Co., 155 Conn. 477, 491 (1967). Our Appellate Court has held that the three year statute of limitations for tort claims applies in cases in which the plaintiff alleges legal malpractice. S.M.S. Textile v.Brown, Jacobson, P.C., 32 Conn. App. 786, 790 (1993);Shuster v. Buckley, 5 Conn. App. 473, 477 (1985). The court in S.M.S. Textile v. Brown, Jacobson. P.C., characterized Section 52-577 as "an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act of omission complained of occurs." Our Supreme Court has reached a similar conclusion.Fichera v. Mine Hill Corporation, 207 Conn. 204, 212
CT Page 12217-Y (1988). Several Superior Court decision have reached the same conclusion. Redden v. Ebstein, Superior Court, JD of Hartford-New Britain at Hartford, DN 517867 (March 7, 1994) (Sheldon, J.) "deciding when a legal malpractice action accrues, the operative date is the `date of the act or omission complained of,'. . . . not the date of any consequence to which that act or omission may have led." Hartt v. Schwartz, Superior Court, JD of New Haven, DN 331912, 10 CONN. L. RPTR. 355 (November 9, 1993) (Zoarski, J.) "in our state `it is, indeed, possible, on occasions, to bar an action even before the cause of action accrues.'"
The Appellate Court in the recent case of Nardi v.A.A. Electronic Security Engineering, Inc.,32 Conn. App. 205, 211 (1994) has held General Statutes § 52-584 to be an occurrence statute stating "an action may be time barred even if no injury is sustained during the three years following a defendant's act or omission."
Because the omission complained of occurred more than three years before the filing of this action, there exists no genuine issue of material fact and the plaintiffs cause of action in negligence is barred by § 52-577.
 III.
COUNT FOUR — BREACH OF CONTRACT
Morelli further argues that because the six-year statute of limitations, § 52-576, applies to attorney-client contracts, the fourth count of the plaintiffs complaint is barred.
In response, the plaintiff again argues, that his damages, which resulted from Morelli's breach of contract, did not occur until the agreement was invalidated by the trial court, and, therefore, his cause of action did not begin to accrue until that time. Furthermore the plaintiff argues that a party to an antenuptial agreement, like a beneficiary of a will, acquires no legal right or interest in the document until the occurrence of a condition subsequent, like divorce or death of the CT Page 12217-Z testator. The plaintiff argues that cases like Stowe v.Smith, 184 Conn. 194, 441 A.2d 81 (1981), implicitly recognize that the beneficiary's cause of action against the drafting attorney cannot accrue until such time that their interest vest, or fails, upon satisfaction of the condition subsequent.
The Connecticut Supreme Court has recognized an action in contract against an attorney. See Stowe v.Smith, supra, 184 Conn. 198-99. However, in Robbinsv. McGuiness, 178 Conn. 258, 261-62, the Supreme Court held that a cause of action for a breach of an attorney-client contract must be brought within six years of the breach.
In the Superior Court decision of Hartt v. Schwartz,supra, Judge Zoarski held that "whether the six year statute of limitations applies pursuant to general Statutes § 52-576, or the three year statute of limitations applies pursuant to General Statutes § 52-577,. . .; this action is untimely as it was filed more than six years after the acts or omissions complained of."
The analogy to Stowe v. Smith which the plaintiff attempts to draw is inapposite. That case provides no basis for delaying the accrual of the plaintiff's cause of action until the time that the agreement was held invalid, since the sole issue addressed was whether an attorney, by his agreement to prepare a will in accordance with the testatrix's instruction, assumed a direct obligation to the intended beneficiaries of the testatrix. We conclude that there exists no genuine issue of material fact and that the contract claim under Count Four is barred by § 52-576.
 IV
Morelli further argues that because the claims of fraudulent misrepresentation and fraudulent concealment, set out in the Second and Fourth Counts of the plaintiffs complaint, sound in tort, the applicability of § 52-577 bars these claims.
In response, the plaintiff argues that common law fraud is not subject to any fixed statute of limitations CT Page 12217-AA and any applicable statute nevertheless runs from the date of discovery, not occurrence. Furthermore, the plaintiff argues that because Morelli concealed his lack of knowledge and expertise up to and including the date of trial, such activity constituted a continuing course of conduct which tolled any applicable statute of limitations.
Judge Fuller has concluded in a recent decision that fraud claims, which include a claim of fraudulent misrepresentation or fraudulent inducement to enter into a transaction, are governed by the limitations set forth in General Statutes § 52-577. Dime Savings Bankv. Fucetola, 9 CSCR 305 (March 28, 1994). To establish that the defendant has fraudulently concealed the existence of the plaintiffs cause of action and therefore tolled the statute of limitations, the plaintiff must establish a factual predicate from which it can be inferred that the defendant misrepresented facts with the intent necessary to constitute fraudulent concealment.Connell v. Colwell, 214 Conn. 242, 251 (1990).
In the present case, the plaintiff alleges in a somewhat conclusory manner that Morelli fraudulently concealed from the plaintiff his lack of knowledge and experience. Review of the pleadings and other documents submitted by the plaintiff indicates that there does not exist the factual predicate from which it can be inferred that Morelli misrepresented any facts with the intent necessary to constitute fraudulent concealment. Because the plaintiff filed this action more than three years after the alleged fraudulent misrepresentations occurred, there exists no genuine issue of material fact that the plaintiffs cause of action is barred by § 52-577.
 V. Plaintiffs Motion for Partial Summary Judgment
On March 22, 1994, the plaintiff filed a motion for partial summary judgment as to the liability of the defendants on the ground that the antenuptial agreement was deemed invalid by the court's Memorandum CT Page 12217-BB of Decision in DeFusco v. DeFusco, Superior Court, JD of Hartford/New Britain at Hartford, DN FA-87338848, 3 CONN. L. RPTR. 145 (1991) (Brennan, J.), and that the defendants are collaterally estopped from denying the agreement's invalidity.
The plaintiff claims that the defendants, having unpersuasively testified in the divorce trial in support of the agreement and on the circumstances surrounding the agreement's preparation and execution, are now collaterally estopped from relitigating the issue of liability in this action. The plaintiff further argues that since the court in the prior divorce proceeding invalidated the agreement prepared by the defendants, there exists no genuine issue of material fact as to whether the defendants committed malpractice.
Defendants argue that because their liability to DeFusco was not decided in the prior proceeding nor did they have a fair and full opportunity to litigate the issue of the validity of the agreement, there exists a genuine issue of material fact as to their liability and, therefore, the motion should be denied.
Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. Aetna Casualty Surety Co. v. Jones,220 Conn. 285, 296 (1991). For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. In order for collateral estoppel to bar the relitigation of an issue in a later proceeding, the issue concerning which relitigation is sought to be estopped must be identical to the issue decided in the prior proceeding. To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the party is attempting to relitigate those facts in the second proceeding.Id. pp. 296-97.
In determining whether an antenuptial agreement relating to property was valid when made, the issue CT Page 12217-CC presented is "whether any waiver of statutory or common-law rights, or the right to a judicial determination in any matter, was voluntary and knowing." McHughv. McHugh, 181 Conn. 482, 486, 436 A.2d 8 (1980). An essential prerequisite to a knowledgeable waiver is "[t]he duty of each party to disclose the amount, character, and value of individually owned property, absent the other's knowledge of the same, . . ." Id.,
486. According to the court's memorandum of decision in DeFusco v. DeFusco, these same principles concerning the validity and enforceability of an antenuptial agreement were applied to the facts surrounding the execution of that agreement. Nowhere in the memorandum of decision, however, does the court discuss the issue of legal malpractice on the part of the defendants and it is obvious that the issue of malpractice was not litigated or decided in that case.
Because the issues addressed in the dissolution action were different from the issues addressed in the present case, collateral estoppel will not bar litigation of the defendants' liability in this case.
 VII
The plaintiff further argues in his memorandum that while the defendants were not named parties to the prior divorce proceeding, for the purposes of collateral estoppel, they were in privity with a party (the plaintiff) in the prior proceeding based on their common interests in protecting the agreement's integrity. Even if privity existed, we have already concluded that the issues in that case and this case were not the same.
However, there is no indication from the memorandum of decision or any other documentation that the defendants had either control over or the right to control the prior litigation. There is no indication that the defendants were allowed the privilege of exercising their rights to introduce evidence, expert testimony, examine and cross-examine witnesses, or appeal from the decision of the trial court. It appears from the memorandum of decision that their only role as participants in the prior proceeding were that of witnesses. CT Page 12217-DD
Because the defendants were not parties to the prior proceeding, nor were they in privity with any party therein, collateral estopped will not bar litigation of the defendants' liability in the present case. Because there exists a genuine issue of material fact as to the defendant's liability, the plaintiffs Motion for Summary Judgment cannot be granted.
Plaintiff's Motion for Partial Summary Judgment Denied.
Defendants' Motion for Summary Judgment as to Counts Two and Four Granted.