[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff initiated this case against the defendants William Thurston (Thurston) and American Linen Supply (Supply). In the first count of the complaint, the plaintiff alleges that she sustained injuries when she slipped and fell on an accumulation of water located in front of an elevator on the second floor of the defendant Thurston's building. In the second count, which is the subject of this motion to strike, the plaintiff alleges that the defendant Supply had a contract with Thurston, where Supply was to place absorbent floor mats in the area where the plaintiff fell. The plaintiff alleges that she is an intended beneficiary of this contract, and that her injuries resulted from the defendant American Linen's failure to provide the absorbent floor mats, as required by the contract, thus allowing water to accumulate on the floor where the plaintiff CT Page 7475 fell.
Supply has now moved to strike the second count, on the ground that it fails to state a cause of action for breach of contract. The basis of the defendant's motion is that the plaintiff was not an intended beneficiary of the contract.
 "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "The grounds for a [motion to strike] may be that the facts, as pleaded, do not constitute a legally cognizable claim for relief." Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978).
"[O]ne who [is] neither a party to the contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract . . . ." Coburn v. Lenox Homes, Inc.,173 Conn. 567, 570, 378 A.2d 599 (1977). A third-party seeking to enforce contractual rights must allege fact sufficient to show that the contracting parties intended that the promisor should assume a direct obligation to the third-party. Stowe v.Smith, 184 Conn. 194, 196, 441 A.2d 81 (1981); see alsoCastelvetro v. Mills, 9 CSCR 232 (Jan. 31, 1994) (Gray, J.).
 [T]he ultimate test to be applied [in determining whether a person may enforce a contract as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties.
(Internal quotation marks omitted; citations omitted.) Knapp v.New Haven Road Construction Co., 150 Conn. 321, 325, CT Page 7476189 A.2d 386 (1963).
Supply argues that the plaintiff has failed to allege any relationship to either defendant, and therefore, she has not alleged any direct benefit under the terms of the contract sufficient to enforce the contract as an intended beneficiary.
The plaintiff, however, has alleged that the defendant Thurston retained control of the hallways and entrances used by the tenants and those lawfully entering the building. The plaintiff's complaint, when construed in a light most favorable to the plaintiff, contains allegations that the plaintiff was an invitee on the Thurston's premises, and therefore, "that the defendant owed him a duty to keep its premises in a reasonably safe condition. Cruz v. Drezek, 175 Conn. 230, 234,397 A.2d 1335 (1978)." Gulycz v. Stop Shop Cos., 29 Conn. App. 519,521, 615 A.2d 1087 (1992). The plaintiff alleges that she fell in an area that was under Thurston's control, and that Supply had assumed a contractual duty to keep the area safe from the accumulation of water. The plaintiff directly alleges that she was a third party beneficiary of the contract. The court finds the complaint contains sufficient allegations which, when favorably construed, show that the contracting parties intended that the promisor Supply should assume a direct obligation to the third-party, the plaintiff, an invitee of Thurston. Stowev. Smith, 184 Conn. 194, 196, 441 A.2d 81 (1981); cf.Castelvetro v. Mills, 9 CSCR 232 (Jan. 31, 1994) (Gray, J.) (no facts alleged showing that parties intended plaintiff to have any benefit under the contract). Accordingly, Supply's motion to strike is denied.
/s/ McDonald, J. McDONALD