[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendant's motion to strike the plaintiff's "Second Amended Complaint, dated, August 3, 1994."
Sharon Milboer, the plaintiff filed a two count second amended complaint, as amended on August 3, 1994, against the defendants, A. William Mottolese and Bleakley, Platt Schmidt. In her second amended complaint, Milboer alleges the following facts: on October 14, 1987, Mottolese was retained by William Schetter to prepare his last will and testament intending to bequeath a residuary interest in his home to Milboer.[1] This house was held jointly by Schetter and his wife. Upon Schetter's death, under the terms of his will, his interest in the residence passed to his wife. Upon her death, under the terms of her will, the residence passed to Max Peters. Milboer brought this action alleging in count one that Mottolese negligently: (a) failed to ascertain whether Schetter jointly held the property; (b) failed to advise Schetter that in order to bequeath the property to Milboer, this joint tenancy must be terminated; (c) failed to advise, provide and prepare the necessary documentation to terminate such tenancy and/or (d) failed to advise and commence an action to partition the property. In count two, Milboer claims that as a result of his negligence, Mottolese breached a contractual duty to her as the third party beneficiary of the will.
On September 26, 1995, Mottolese filed a motion to strike both CT Page 963 counts of the second amended complaint on the ground that it fails to state a claim upon which relief may be granted. Specifically, Mottolese claims that Milboer has failed to establish the breach of any duty owed to her as a third party beneficiary.
"A motion to strike challenges the legal sufficiency of a pleading. . . . It replaced the demurrer in our practice. . . . Like the demurrer, it admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegation would support a defense or a cause of action, the motion to strike must fail." (Citations omitted; internal quotation marks omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985).
Milboer claims that as a third party beneficiary to the contractual agreement between Schetter and Mottolese, she has a right to bring this action. Mottolese argues that Milboer is precluded from raising this cause of action in light of the court's decision in Leavenworth v Mathes, 38 Conn. App. 476, which held that "[t]he plaintiffs can point to no authority to support the proposition that an attorney owes a duty to the beneficiaries to ensure the existence of testamentary assets when drafting the instrument." Id., 480.
The first Connecticut case which allowed an intended legatee to bring suit as a third party beneficiary was Licata v. Spector,26 Conn. Sup. 378. In Licata, the drafting-attorney failed to provide the number of witnesses as required by statute and, as a result, the will was declared invalid. The plaintiffs sued the drafter to recover assets which they would have received had the will been properly executed. The defendant-drafter argued that no duty of care was owed to the plaintiffs because there was no privity of contract. The court rejected this argument and held that, "[l]iability for a negligent performance of a contract, or non-performance, should be imposed where the injury to the plaintiff is foreseeable and where the contract is an incident to an enterprise of the defendant and there are adequate reasons from policy for imposing a duty of care to avoid the risk thus encountered, as an incident to the enterprise." Id. 380.
The court, in Stowe v. Smith, 184 Conn. 194, allowed a third party beneficiary to recover against a drafting attorney under a CT Page 964 contractual theory. The court held that a third party beneficiary contract arose when the attorney and testatrix-client entered into the agreement to draft and execute a will with the intent to confer a direct benefit to a third party beneficiary. The formation of this contract for the plaintiff's benefit granted him standing to sue on the contract despite the lack of privity. "It therefore follows that the benefit which the plaintiff would have received under a will prepared in accordance with the contract is so directly and closely connected with the benefit which the defendant promised to the testatrix that under the allegations of the complaint the plaintiff would be able to enforce the contract." Id., 198. The court further held, "When rules governing contract actions conflict with those governing tort actions, courts sometimes characterize an action as either contract or tort and choose the applicable rule accordingly. Ibid. Unless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort or both." Id., 199.
In Mozzochi v. Beck, 204 Conn. 490, the court acknowledged that "under some circumstances, a third party might be able to recover for the legal malpractice of an attorney. For example, the named beneficiary of a will invalidated because of an attorney's faulty draftsmanship has been held to have a cause of action." Id., 500.
Later, in Krawczyk v. Stingle, 208 Conn. 239, the court recognized that, "[a]s a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of services. A number of jurisdictions have recognized an exception to this general rule when the plaintiff can demonstrate that he or she was the intended or foreseeable beneficiary of the attorney's services." Id., 244.
The court, "[i]n reviewing the legal sufficiency of the plaintiff's complaint, [assumes] the truth of the facts alleged and construe[s] them in the light most favorable to sustaining the sufficiency of the complaint." Bouchard v. People's Bank,219 Conn. 465, 467. "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." Id., 471
The plaintiff has alleged sufficient facts in her complaint to support her standing to assert a viable claim that the defendant CT Page 965 failed to prepare a will and estate plan to effectuate the decedent's intent to benefit the plaintiff.
Accordingly, the defendant's motion to strike is denied.
Ronald J. Fracasse, Judge