[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 115)
The plaintiff, Kamco Supply Corporation of New England (Kamco), filed a five-count complaint against the defendants, Maplewood School Apartments Limited Partnership (Maplewood), Naek Construction Co. (Naek), E.S. Ondy Inc. and/or Edward Ondy Construction Corporation (E.S. Ondy and/or EOCC) and the American Insurance Company (American). Kamco alleges in count one that Naek as principal and American as surety executed and delivered to Maplewood a surety bond. Kamco also alleges that it provided materials to E.S. Ondy and billed EOCC, and that Kamco delivered the materials to the work site. Kamco further alleges that neither Naek nor American have made payment on the sum due and owing to Kamco despite notice and demand by Kamco.
The plaintiff seeks summary judgment as to the first count of its complaint. Naek and American have filed a memorandum in opposition to the plaintiff's motion. The matter was heard by the court on November 16, 1998.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 380-81, 713 A.2d 820 (1998).
Kamco argues that it had an oral contract with E.S. Ondy, CT Page 15041 which was a subcontractor of general contractor Naek. Kamco contends that as a subcontractor to a subcontractor, it may recover pursuant to the terms of the bond. Kamco maintains that the same rules which apply to public construction bonds under General Statutes § 49-42 et seq. apply to the situation here, involving a private bond. Kamco contends that it is not significant that it billed EOCC for the materials rather than E.S. Ondy, since the materials were used on the project and the purpose of the statutes is to protect those furnishing labor or materials.
Naek and American argue that Naek's only agreement was with E.S. Ondy, while Kamco did business only with EOCC, which is a separate entity and was not included under the terms of the agreement. Naek and American contend that there was no contract between them and Kamco, but rather that Kamco entered into a separate agreement with EOCC. Naek and American further contend that if Kamco is arguing that E.S. Ondy and EOCC are alter egos, then a question of fact is raised which defeats the motion for summary judgment.[1] Naek and American also argue that Kamco is not a claimant under the terms of the bond. They contend that because this is a private bond, the terms of the bond must control. Finally, Naek and American argue that the amount of damages claimed is in dispute.
In Byram Lumber Supply Co. v. Page, 109 Conn. 256,146 A. 293 (1929), the defendant Mary Page contracted with general contractor George H. Warhurst, Inc. to build a dwelling. Id., 258. The Aetna Casualty and Surety Co. acted as the general contractor's surety, and a performance bond was issued.[2] Id. Subsequent to the execution of the bond, the plaintiff subcontractor entered into an agreement to furnish materials with the general contractor. Id. At the time this agreement was made, the plaintiff was aware that a performance bond had been issued but had not seen the bond and was not aware of the terms of the bond. Id., 259. At some point, the general contractor abandoned the project, Page completed the project, and Page was reimbursed by Aetna for associated excess costs. Id. The plaintiff was never paid for the materials provided for the project and sought recovery under the performance bond pursuant to language in the bond which provided that Aetna as surety "shall pay all persons who have contracts directly with the principal for labor or materials." Id. In considering whether the plaintiff could collect under the bond, the Supreme Court looked to the terms of the bond, viewed in light of the surrounding circumstances, in CT Page 15042 order to determine whether Page was to bestow upon those parties directly contracting with the general contractor for labor or materials, a right to proceed directly against Aetna on the bond.Id., 261, 263. More recent Supreme Court authority has held that a subcontractor seeking recovery under the bond is in the position of a third party beneficiary, and therefore the subcontractor must show that the contracting parties intended that the general contractor should assume a direct obligation to the subcontractor. See Gateway Co. v. DiNoia, 232 Conn. 223,230-31, 654 A.2d 342 (1995), Stowe v. Smith, 184 Conn. 194,196-97, 441 A.2d 81 (1981).
"[S]ummary judgment . . . is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings." (Internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 111, 639 A.2d 507 (1994). In order to demonstrate whether it can recover directly under the surety bond, the plaintiff must show the intentions of the parties concerning who a proper claimant is under the bond. Such a determination raises questions of fact which are not appropriately disposed of on a motion for summary judgment.
Therefore, the plaintiff's motion for summary judgment is denied on the ground that whether the plaintiff was intended to be a claimant under the surety bond raises questions of fact.
SKOLNICK, J.