[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' AMENDED MOTION TO STRIKE
The plaintiffs of West Hartford entered into an agreement with the defendants of East Windsor on or about March 24, 1998 under which the plaintiffs rented a dry freight trailer from the defendants for the weekly sum of $65.00. The trailer was delivered to the plaintiffs' home at 10 Greenhurst Road in West Hartford. Upon delivery to their home the plaintiffs, who were recognized collectors and authorities with respect to collectible American Flyer S gauge trains, placed their trains and personal records and financial records in the trailer. They advised the defendants that they needed the trailer in order to store their model train collection as a result of a flood at their home. On or about May 11, 1998 the trailer, with the trains and records stored inside, was moved, with the permission of the defendants, to one of the defendants' locations at 7 Shoham Road, East Windsor, Connecticut. On or about May 2, 2000 the defendants sold the trains stored inside the dry freight trailer and disposed of the plaintiffs' personal records and financial records all of which was done without the permission of either of the plaintiffs. The sales were made and disposal of records made because the plaintiffs had allegedly failed to make the rental payments.
The defendants have filed an Amended Motion to Strike counts two and three of the Plaintiffs' Second Amended Complaint.
 STANDARD OF REVIEW
A motion to strike properly challenges the legal sufficiency of the allegations of a pleading. A motion to strike admits all facts which are well pleaded. Stowe v. Smith, 184 Conn. 194, 196 (1981). The pleadings are construed in the light most favorable to the plaintiff. Ivey Barnham O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2 (1983).
 ISSUES 1. Defendants claim that the second count is legally insufficient because there is no private right of action for a violation of C.G.S. § 49-76, and the complaint fails to allege that the defendants were engaged in the business of storing household goods. C.G.S. 49-76, a violation of which is claimed in the second count, provides, inter-alia, that ". . . each person, firm, association and corporation engaged in the business of . . . storing . . . household goods . . . shall have a lien upon such . . . household goods. . . ." Defendants claim that said section CT Page 8843 is not intended to protect the owners of stored property and does not expressly provide for a private cause of action. The Court finds that said section is designed to protect the entity, in this case a bailee, which may have a lien on the property if the rental for storage is not paid, but contrary to the claims of the defendants, this statute is also for the protection of the bailor, in this case the owner of the personal property. The statute allows the lien holder to sell the goods for the monies due it, but requires notice to be given to the owner, advertisement in newspapers, etc. Therefore, it is also for the benefit of the owner/bailor. Sufficient allegations have been made in count two to support a private cause of action under Section 49-76 of the General Statutes.
Defendants further claim that the second count fails to allege that either or both defendants were engaged in the business of storing household goods as set forth in C.G.S. § 49-76. This Court finds that sufficient facts have been pleaded to show that by this one agreement, the defendants were engaged in the business of storing household goods. The goods would be considered household goods because, as alleged by the plaintiffs, the trains had previously been stored by the plaintiffs in their home and were being stored in the trailer because of a flood in their home. Further, there is no claim that the trains were used for commercial purposes. In viewing the second count in a light most favorable to the plaintiffs, the Court finds that the second count is legally sufficient, and the motion to strike said count is denied.
2. The third count claims that the defendants have been operating their storage business as warehouses or warehousemen. The third count alleges violation of C.G.S. § 42a-7-210 which provides for the enforcement by sale of a warehouseman's lien and sets forth various conditions for the sale to be held and states specifically that the warehouseman is liable for damages caused by failure to comply with the requirements for sale. A warehouseman is a person or entity engaged in the business of storing goods for hire. The third count alleges facts to conclude that the defendants were engaged in the business of storing goods for hire, which is the definition of warehouseman. There is a legally sufficient cause of action for damages arising out of an alleged violation of C.G.S. §42a-7-210.
 CONCLUSION
For the foregoing reasons, the Defendants' Amended Motion to Strike is denied in all respects.
___________________ Rittenband, JTR CT Page 8844