[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs, Susan Paperny and her minor children seek damages from her former husband's attorney, the defendant, Robert Cohen, for failing to safeguard certain funds allegedly earmarked for the benefit of the minor children, which funds were placed in a trust. The amended complaint dated April 19, 2002, alleges that Paperny sought and obtained a court order on July 1, 1999, enjoining the dissipation of proceeds that her former husband, Mark Shapiro, was about to receive from the sale of his interest in a real estate venture known as Pier Club Investors.[1] Paperny alleges that these funds were to be used by Shapiro only for ordinary living expenses, and that these funds were to be placed in a trust for the minor children and that Cohen was to be named as the sole trustee. The funds were deposited into the trust and Paperny alleges that Cohen allowed Shapiro to divert hundreds of thousands of dollars of these proceeds from the trust into business investments and other expenditures contrary to the limitations contained in the court order. The three count complaint alleges negligence and breach of fiduciary duty to the plaintiff and the intended beneficiaries of the Pier Club investor proceeds.
On April 15, 2002, Cohen filed this motion to dismiss the plaintiffs' complaint for lack of jurisdiction because, this case involves the administration of a trust and since the plaintiffs are not beneficiaries of the trust, they do not have standing to bring this action.
 I.
In general, no one other than a beneficiary or one suing on his behalf can maintain a suit against a trustee to enforce the provisions of a trust. Weiss v. Weiss, Superior Court, judicial district of Windham at Windham, Docket No. 065932 (January 9, 2002, Kocay, J.). "A person is not a beneficiary of a trust if the settlor does not manifest an intention to give him a beneficial interest, although he may incidentally benefit from the performance of the trust." Id. In addition, "[a]n expectancy is only CT Page 11576 the bare hope of succession to the property of another, such as may be entertained by an heir apparent. . . . Such a hope is inchoate. It has no attribute of property, and the interest to which it relates is at the time nonexistent and may never exist." Krafick v. Krafick, 234 Conn. 783,797, 663 A.2d 365 (1995).
None of the plaintiffs in this case are named beneficiaries under the trust. According to the express terms of the trust agreement the trust was created "for the benefit of Mark A. Shapiro, during his lifetime, and upon his death to his then living issue per stirpes. . . ." It would appear that the minor children have a mere expectancy of receiving an inheritance in the future and no enforceable right to the proceeds of the trust, since the distributions from the trust depend on the discretionary decisions of the trustee and are contingent upon the death of Shapiro. See Wilson v. Wilson, Superior Court, judicial district of New Haven at New Haven, Docket No. 444888 (October 11, 2001, Alander, J.). The children do not have a vested property interest in the trust proceeds. See Rubin v. Rubin, 204 Conn. 224, 230-32, 527 A.2d 1184 (1987). Likewise, Susan Paperny has no interest in the trust as a named beneficiary and does not even have an expectancy in the proceeds. Thus, the plaintiffs lack standing to bring this action as beneficiaries against the trustee.
 II.
Plaintiffs assert that this case does not involve the administration of a trust, but rather Cohen's control over specific assets which were subject to a court order and that the plaintiffs were the intended beneficiaries of these proceeds.
As a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of services. An exception to this general rule is when the plaintiff can demonstrate that he or she was the intended or foreseeable beneficiary of the attorney's services. Determining when attorneys should be held liable to parties with whom they are not in privityis a question of public policy and in addressing this issue, courts have looked principally to whether the primary or direct purpose of the transaction was to benefit the third party.Krawczyk v. Stingle, 208 Conn. 239, 244-245, 543 A.2d 733 (1988).
Even when the courts have found that the plaintiff was the intended beneficiary of the transaction, however, they have "refrained from imposing liability when such liability had the potential of interference with the ethical obligations owed by an attorney to his or her client." Id., 246. Accordingly, a court must avoid "any rule that would interfere CT Page 11577 with the attorney's primary duty of robust representation in the interest of his or her client." Jackson v. R.G. Whipple, Inc., 225 Conn. 705,728, 627 A.2d 374 (1993). The few instances where an attorney representing a client may be sued by a third party and the scope of such causes of action are quite narrow such as abuse of process or vexatious litigation. See Mozzochi v. Beck, 204 Conn. 490, 495, 592 A.2d 171
(1987).
The plaintiffs have not submitted any evidence that they were the intended beneficiaries of the Pier Club Investors proceeds or the trust. Review of the court order dated July 1, 1999, which forms the basis of their intended beneficiary argument, reveals that the proceeds of Pier Club Investors were to be used for living expenses only. It mentions nothing about establishing a trust for these proceeds for the direct benefit of the children or Paperny and they have no standing in the absence of the attorney assuming a direct obligation to them. See Stowev. Smith, 184 Conn. 194, 199, 441 A.2d 81 (1981).
Motion to dismiss granted.
 _________________ Wagner, JTR