[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Koskoff, Koskoff Bieder for plaintiffs.
Cummings Lockwood for defendants.
MEMORANDUM OF DECISION
The named defendants, dba GM Associates ("GM"), moved to strike counts two and five of the complaint on the ground that Connecticut law does not recognize an implied warranty of fitness for intended use ("implied warranty of fitness") in commercial leases. The defendants moved to strike counts three and six which alleged breach of contract, on the ground that the plaintiffs failed to allege that they were third-party beneficiaries to GM's contract with plaintiffs' employer Gravymaster, Inc. ("Gravymaster").
The plaintiffs are former employees of Gravymaster and worked in a building that is alleged to have been constructed or maintained in a manner that caused plaintiffs to become ill. Gravymaster, which did not own the building, executed a lease agreement with GM. Parties involved in the design and construction of the building are also named as defendants; i.e., ABC Mechanical Engineering and Contracting, Inc.; F F Mechanical Contractors, Inc.; D M Engineers Land Planners.
Counts one, two and three of the complaint are brought on behalf of the plaintiff Castelvetro. Counts four, five and six are brought on behalf of the plaintiff Fritz. Each plaintiff alleges the same causes of action in her respective set of claims. CT Page 11-M
"The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings."Ferryman v. Groton, 212 Conn. 138, 142 (1989). The motion may also be used to test whether Connecticut is "ready to recognize some newly emerging ground of liability." Durham Aqueduct Co. v. C.E. Burr Co., 8 Conn. L. Trib. No. 13, pp. 11, 12 (Super Ct., November 30, 1981, Higgins, J.). "In deciding on a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the [pleading], and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990). The court must construe the facts pleaded in the manner most favorable to the nonmoving party.Rowe v. Godou, 209 Conn. 273, 278 (1988).
At issue is whether the plaintiffs have asserted a legally recognized cause of action in claiming that they are entitled to the benefit of an implied warranty of fitness in a commercial lease to which the plaintiffs were not parties. The easy answer is that such a claim is a question of law rather than a factual allegation and as such, Connecticut does not recognize such a warranty in commercial leases. While some states have expanded the concept to commercial leases [Davidow v. Inwood N. Professional Group-Phase I,747 S.W.2d 373, 375 (Tex. 1988); Meyer v. Parkin,350 N.W.2d 435 (Minn.App. 1984)], the general rule, adopted by the majority of states, is that a right to use commercial premises for a specified purpose does not ordinarily imply a warranty on the landlord's part as to the fitness of the premises for the use. M. Friedman, Friedman on Leases, ch. 27, #27, 402, p. 1404.
The general rule rests upon recognition of the great disparity between residential and commercial tenants which does not lend itself to imposing liability in the case of commercial leases. See,Friedman, supra, 1407. In this instance, the plaintiffs have failed to state a claim upon which relief can be granted and, accordingly, the motion to strike counts two and five of the complaint is granted.
The remaining counts addressed by the motion to strike concern the plaintiffs' claim that GM breached its contract with Gravymaster by failing to meet certain express and implied requirements of the lease: it failed to provide quiet enjoyment of the property; failed to maintain and manage the property in a habitable, hazard-free condition; failed to provide a building fit for human occupancy; and failed to provide premises which met CT Page 11-N state and local standards regarding air quality. The plaintiffs claim that as employees of Gravymaster, they were third-party beneficiaries to the lease.
A third-party beneficiary may sue to enforce a contract. ColonialDiscount Co. v. Avon Motors, Inc., 137 Conn. 196, 200
(1950). However, a person who is neither a party to a contract nor a contemplated beneficiary cannot sue to enforce the promises of a contract. Coburn v. Lenox Homes, Inc., 173 Conn. 567, 570
(1977).
A third-party seeking to enforce contractual rights must allege that the contracting parties intended that the promisor should assume a direct obligation to the third-party. Stowe v. Smith,184 Conn. 194, 196 (1981).
To determine the intent of the parties to a contract is a matter of interpretation of the contract. . . . The ultimate test to be applied is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party and that the intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties. Colonial,supra, 200-01.
Here, the plaintiffs conclude that because they were employed by Gravymaster, they thereby became third-party beneficiaries of the lease between their employer and GM. No factual allegations were cast to support this conclusion. Nor do the plaintiffs allege that the lease reflected any intent by GM to assume a direct obligation to Gravymaster employees. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Mora v. Aetna Life Casualty Ins. Co.,13 Conn. App. 208, 211 (1988).
The motion to strike counts three and six of the complaint is granted.
Gray, J.