[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO STRIKE) CT Page 4036
The defendant moves to strike both counts of the plaintiff's two count complaint for failure to state a claim upon which relief can be granted and failure to join a necessary and indispensable party.
Factual Background
The plaintiff filed a two count complaint on December 29, 1993. The first count is a breach of contract claim and the second count is a Connecticut Unfair Trade Practices Act (CUTPA) claim (General Statutes 42-110 et seq.) based on the alleged breach of contract.
The plaintiff alleges the following facts in both counts of the complaint. Between 1989 and 1992, the plaintiff was a patient of Dr. Richard Zielinski, a physician licensed in Connecticut and practicing in Stafford Springs. On May 17, 1989, as a result of Zielinski's abuse of certain controlled substances, the doctor entered into a consent agreement between himself, the State of Connecticut Department of Health Services and the defendant, Hartford County Medical Association, Inc. (now known as Hartford County Medical Foundation, Inc. by virtue of a merger between the two organizations in December 1989). A copy of the consent agreement is attached to the complaint and is incorporated therein. The consent agreement placed Zielinski on probation in a rehabilitation program for five years, retroactive to May 27, 1988 and ending on May 27, 1993.
The plaintiff further alleges that the consent agreement made the defendant-Foundation responsible for the supervision of Zielinski's compliance with the terms of his probation. The plaintiff also alleges that, as a patient of Zielinski it was contemplated she would be a beneficiary of the consent agreement and that the defendant assumed a direct obligation to her as a third party beneficiary. The defendant allegedly breached the consent agreement by failing to supervise Zielinski's compliance with the requirements of his probation. Finally, the plaintiff alleges that as a result of the defendant's breach, Zielinski abused certain controlled drugs during his probation period, inappropriately prescribed the controlled drug Demerol for the plaintiff, injected into the plaintiff doses of an unknown substance which he advised her was Demerol, and assaulted the CT Page 4037 plaintiff with numerous injections of an unknown substance without the plaintiff's knowledge or consent.
The second count, under CUTPA, makes all of the same allegations as the first count and further alleges that the defendant's actions were part of a "general business practice as it related to the medical licensing of Zielinski."
On February 14, 1994, the defendant filed a motion to strike both counts of the complaint. In the motion, the defendant asserts that the first count fails to allege facts sufficient to support the plaintiff's claim that she is a third party beneficiary to the consent agreement. The defendant asserts that the second count is similarly deficient and fails to allege, as required by CUTPA, that the defendant's acts were performed in a "trade or business." Finally, the defendant asserts that both counts are legally insufficient because the plaintiff has failed to join as a necessary party the State of Connecticut Department of Health Services.
The motion to strike tests the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988); and must construe those facts in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). It admits all facts well pleaded, as well as those necessarily implied from the allegations; Amodio v. Cunningham,182 Conn. 80, 83, 438 A.2d 6 (1980); but "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Both counts of the plaintiff's complaint are directed toward recovery based upon rights she allegedly derived from her status as a third party beneficiary of the consent agreement. "It is well settled that `one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract. . . .' Coburn v. Lenox Homes, Inc., 173 Conn. 567,570, 378 A.2d 599 (1977)." Tomlinson v. Board of Education,226 Conn. 704, 718, 629 A.2d 333 (1993). Furthermore, "a third CT Page 4038 party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party." (Citations omitted.) (Emphasis added.) Stowe v. Smith, 184 Conn. 194, 196-97,441 A.2d 81 (1981). The test "`is to draw the line between those third persons whose benefit is so indirect and incidental that it is not sound policy to let them enforce the contract, and those other persons whose benefit is so direct and substantial and so closely connected with that of the promisee that it is economically desirable to let them enforce it. . . .' 4 Corbin, [Contracts] 786, p. 95." Stowe v. Smith, supra, 196 n. 1.
In Knapp v. New Haven Road Construction Co., the court declared that
 `[[t]]he ultimate test to be applied [in determining whether a person has a right of action as third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties.'
(Citations omitted.) (Brackets in original.) Knapp v. New Haven Road Construction Co., 150 Conn. 321, 325, 189 A.2d 386 (1963). The Knapp court also held "that it is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary." Id., 326.
In the present case, the first and second counts allege that the plaintiff was a third party beneficiary of the subject consent agreement and was therefore harmed by the defendant's breach. In of both counts, the plaintiff alleges that she "as a patient of Zielinski during said probation period, was contemplated as a beneficiary of said consent agreement and/or the [d]efendant, as a party to said consent agreement, assumed a direct obligation to the [p]laintiff, third-party." This allegation does not allege facts, but legal conclusions. Neither the plaintiff nor any of Zielinski's patients are mentioned in the consent agreement. While it is not necessary that the plaintiff be expressly mentioned in the agreement, the plaintiff must allege facts which, if proved, would show that the parties intended to assume a direct obligation CT Page 4039 to her. Stowe v. Smith, supra. The plaintiff's allegation that she was a patient of Zielinski is too incidental to create in her a third party right to enforce the elements of the consent agreement.
Accordingly, the defendant's motion to strike the first count of the plaintiff's complaint is granted on the ground that the allegations are conclusory and fail to state sufficient facts to support the claim that the plaintiff is a third party beneficiary of the consent agreement. Since the plaintiff's second count is predicated on the legally insufficient breach of contract claim in the first count, the motion to strike the second count is granted for the same reason. Finally, having reached the defendant's first claims of insufficiency, it is unnecessary to decide whether the State of Connecticut Department of Health Services is a necessary party to this action.
Klaczak, J.