[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 228
On February 25, 1994, the plaintiffs, Michael Chang, May Chang, Michael S. H. Chang, Jr., and Jason S. H. Chang, filed a seventeen count, second amended complaint against the defendants seeking damages arising out of the emission of septic system gases into their home.
The following background facts are derived from the plaintiffs' complaint. The plaintiffs allege that on July 3, 1990, they contracted with Novella Construction Co. ("Novella") for the construction and purchase of a new residential home to by located in Danbury, Connecticut. The plaintiffs allege that as part of the contract, Novella agreed to provide complete plumbing and septic systems for the subject property The plaintiffs allege that Novella retained a subcontractor, Petrello Plumbing and Heating ("Petrello"), to install a plumbing system, which included septic vent pipes for the roof.
According to the plaintiffs, Novella and Petrello failed to install the septic vent pipes on the roof, which resulted in the septic system gases being released into the living spaces of the house. The plaintiffs allege that the "septic system gases are poisonous and incompatible with and adverse to human health and welfare." The plaintiffs allege that they lived continuously in the house from November 4, 1990, to May 19, 1992, and that during that time, "each of the plaintiffs ingested the septic system gases, through breathing, contact with their skin, and mixing with their food and beverages."
Counts one through five are directed against Novella, and allege various common law actions and statutory violations. The sixth count is directed against the Novella Development Corporation ("NDC"), and alleges that liability is imputed to NDC in their capacity as a successor in interest. The seventh count CT Page 8561 is directed against Joseph A. Novella in his individual capacity. Counts eight through ten are directed against Petrello based upon a variety of common law actions and statutory violations. The eleventh count is directed against Michael Petrello in his individual capacity. The twelfth count is directed against New England Real Estate Analysts and alleges negligent inspection. The thirteenth count is directed at Fleet Mortgage Company ("Fleet"). The plaintiffs allege in that count that they financed the purchase of their property, in part, with a loan from BancNewEngland Mortgage Co. ("BMC"). The plaintiffs allege that BMC was obligated, as a condition of the loan transaction, to obtain a final inspection of the property and certify that construction was complete before authorizing disbursal of the loan proceeds. The plaintiffs allege that BMC obtained an inspection report from New England Real Estate Analysts, which stated that the final inspection had been performed and that "[t]he subject is 100% complete and ready for occupancy." However, the plaintiffs allege that BMC knew or should have known of the incomplete work and that BMC negligently misrepresented to the plaintiffs at the closing that work was completed. The plaintiffs continue and recite that Fleet, in its capacity as successor in interest to all rights and liabilities of BMC, is liable to the plaintiffs for any judgment that may issue. The fourteenth count incorporates the factual allegations of the thirteenth count, and further alleges that BMC's failure, inter alia, to produce an accurate inspection report renders Fleet, as successor in interest to BMC, liable to the plaintiffs based upon breach of contract. The fifteenth count is directed against Walter J. Straiton, in his capacity as inspector for the Department of Buildings for the City of Danbury, and alleges negligence. The sixteenth count is directed against the City of Danbury, and alleges indemnification pursuant to General Statutes, Sec. 7-465. The seventeenth count, also directed against the City of Danbury, alleges the negligent issuance of a certificate of occupancy.
On April 7, 1994, Fleet filed an answer, and on November 10, 1994, Fleet filed a motion for summary judgment as to count fourteen of the plaintiffs' second amended complaint "as the same relates to the claims of plaintiffs Jason S. H. Chang and Mike S. H. Chang, Jr.," Michael Chang, Sr. and May Chang's two minor children. In support of its motion, Fleet has filed a memorandum of law, along with the affidavits of Donald E. Frechette and Beth Gignilliat. In further support of its motion, Fleet also filed a copy of a mortgage, a copy of a note and purported communications CT Page 8562 between both parties in this matter. In opposition to Fleet's motion, the plaintiffs have filed a memorandum of law with their own affidavits. Thereafter, both parties filed reply memoranda.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Barrett v. Danbury Hospital, 232 Conn. 242, 250, ___ A.2d ___ (1995). "A material fact is simply a fact which will make a difference in the result of the case." Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 167, 508 A.2d 58 (1986). "[T]he burden of proof is on the moving party. . . ." State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984), quoting Dougherty v. Graham,161 Conn. 248, 250, 287 A.2d 382 (1971). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.'" Barrett v.Danbury Hospital, supra, 232 Conn. 250. "Issue finding, rather than issue determination, is the key to the procedure." Yanow v.Teal Industries Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979).
In its supporting memorandum, Fleet initially argues that "the claims" of the minor children as set forth in count fourteen must fail on the ground that the minor children were not parties to the alleged lending agreement and therefore cannot claim that any privity of contract existed between themselves and BMC. Additionally, Fleet argues that the minor children "were not intended third-party beneficiaries of the lending contract existing between their parents and [BMC]." Based on the foregoing, Fleet requests that summary judgment issue "as to the claims of . . . Michael Chang, Jr. and Jason Chang as set forth in count fourteen."
In opposition, the plaintiffs initially counter that Fleet's motion should be denied because it is incorrectly using a motion for summary judgment to challenge the legal sufficiency of count fourteen of the plaintiffs' second amended complaint.[1]
The plaintiffs further counter that Fleet has failed to present any evidence which would establish that (1) the minor children were not intended to be third party beneficiaries to any CT Page 8563 contract, and (2) there is an absence of an issue of fact with regard to whether privity exists between the minor children and BMC.
"`It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [its] complaint.'"Normand Josef Enterprises v. Connecticut National Bank,230 Conn. 486, 495, ___ A.2d ___ (1994).
The first count of the plaintiffs' second amended complaint states that the plaintiffs, Mike Sr. and May, are the parents and guardians of their minor children, Jason S. H. Chang ("Jason"), born July 27, 1977; and Mike S. H. Chang, Jr. ("Mike, Jr."), born September 19, 1975. (Second Amended Complaint, dated February 24, 1994, par. 2.)
Count fourteen incorporates, inter alia, the above paragraph, and further alleges that:
 "The loan documents, including the October 3, 1990 Commitment Letter, promissory note, and mortgage, together constitute a contract by and between BancNewEngland and plaintiffs Mike, Sr. and May.
 The defendant BancNewEngland breached its contract with Mike, Sr. and May by failing to produce an inspection report at the closing.
 The defendant BancNewEngland further breached its contract with Mike, Sr. and May by failing to produce an accurate inspection report after the closing.
 As a further direct and proximate result of the defendant's breach of contract, the plaintiffs Mike, Sr. and May have suffered contract damages.
 The defendant Fleet Mortgage Co. is, upon information and belief, the successor in interest to all rights and liabilities of BancNewEngland Mortgage Co. and is, therefore, liable to the plaintiff for any judgment that may issue pursuant hereto."
(Second Amended Complaint, dated February 24, 1994, pars. 40-44.)
Initially a cause of action for breach of contract has not been alleged on behalf of the minor children in count fourteen. CT Page 8564
This submission is buttressed by comparing count fourteen to the various negligence counts in this action. For instance, the first count alleges, inter alia, that "[a]s a direct and proximate result of the defendant's negligence, the plaintiffsand each of them, have suffered severe and profound injuries and damages. . . ." (Emphasis added.) However, the plain language of count fourteen reveals that the plaintiffs are seeking recovery for contract damages suffered only by plaintiffs, "Mike, Sr. and May" Chang. In their opposition memoranda, the plaintiffs have not only failed to address the absence of a requisite allegation in count fourteen, but have vigorously challenged Fleet's motion on its merits. "`[I]f parties will insist on going to trial on issues framed in a slovenly manner, they must abide the verdict; judgment will not be arrested for faults in statement when facts sufficient to support the judgment have been substantially put in issue and found. . . . Want of precision in alleging the cause of an injury for which an action is brought, is waived by contesting the case upon its merits without questioning such defect.'"Normand Josef Enterprises v. Connecticut National Bank, supra,230 Conn. 497. Therefore, Fleet is entitled to summary judgment as a matter of law in that count fourteen fails to set forth a breach of contract claim on behalf of the minor plaintiffs in this action.
Notwithstanding that count fourteen does not set forth a breach of contract claim on behalf of the minor plaintiffs, Fleet would, nevertheless, be entitled to summary judgment as a matter of law because of the minor plaintiffs' lack of privity.
"Connecticut courts require privity of contract in order to maintain a cause of action for breach of contract. . . ." Pearcev. City of West Haven, 9 CSCR 45, 46 (January 17, 1994, Stanley, J.). In the present case, there are no allegations that the minor plaintiffs were parties to the loan documents executed between BMC and plaintiffs, Mike Chang, Sr. and May Chang. Furthermore, a review of the loan documents reveal that the minor plaintiffs were not signatories to any loan document executed between BMC and the plaintiffs, Mike Chang, Sr. and May Chang.
With regard to the plaintiffs' claim that the minor plaintiffs are third party beneficiaries of the financing agreement executed between BMC, Mike Chang, Sr. and May Chang, "[a] third-party beneficiary may sue to enforce a contract";Castelvetro v. Mills, 9 CSCR 232, 233 (January 31, 1994, Gray, CT Page 8565 J.); but "one who was neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract. . . ." Coburn v. Lenox Homes, Inc.,173 Conn. 567, 570, 378 A.2d 599 (1977). Furthermore, "a third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party." Stowe v. Smith,184 Conn. 194, 196, 441 A.2d 81 (1981).
In Skelley v. Hartford County Medical Foundation Inc.,9 CSCR 495 (April 18, 1994, Klaczak, J.), the plaintiff sought recovery based upon her status as a third party beneficiary of a consent agreement executed between the plaintiff's physician (Zielinski), the State of Connecticut Department of Health Services and Hartford County Medical Association, Inc. In determining whether the plaintiff could be considered a beneficiary to the consent agreement, the court in Skelley stated that "[t]he test `is to draw the line between those third persons whose benefit is so indirect and incidental that it is not sound policy to let them enforce the contract, and those other persons whose benefit is so direct and substantial and so closely connected with that of the promisee that it is economically desirable to let them enforce it. . . .'" (Citations omitted.) The court in Skelley continued and recited that "[i]n Knapp v. New Haven Road Construction Co.,
the court declared that `[[t]]he ultimate test to be applied [in determining whether a person has a right of action as third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties.' (Citations omitted.) (Brackets in original.) Knapp v. New Haven Construction Co., 150 Conn. 321,325, 189 A.2d 386 (1963). The Knapp court also held `that it is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary.' Id., 326." The court in Skelley concluded that "[i]n both counts, the plaintiff alleges that she `as a patient of Zielinski during said probation period, was contemplated as a beneficiary of said consent agreement and/or the [d]efendant, as a party to said consent agreement, assumed a direct obligation to the [p]laintiff, third-party.' This allegation does not allege facts, but legal conclusions. Neither the plaintiff nor any of Zielinski's patients are mentioned in the consent agreement. While it is not necessary that the CT Page 8566 plaintiff be expressly mentioned in the agreement, the plaintiff must allege facts which, if proved, would show that the parties intended to assume a direct obligation to her. Stowe v. Smith,
supra. The plaintiff's allegation that she was a patient of Zielinski is too incidental to create in her a third party right to enforce the elements of the consent agreement." Id.
As a threshold requirement, the plaintiffs in the present case have not alleged (nor do the loan documents reveal) that the minor plaintiffs were intended to receive a direct obligation from the promisors in this case, Mike Chang and May Chang. Although the Changs have attached their own affidavits in opposition to Fleet's motion stating that they intended to benefit their sons by the purchase of a new home, those averments are conclusory in nature, and any possible benefit accruing to the minor plaintiffs arising out of their purchase of their home should be considered indirect and incidental.
The plaintiffs offer three additional theories under which they postulate that summary judgment should not issue in favor of Fleet.
First, the plaintiffs posit that whether vertical privity exists between BMC and the minor plaintiffs is inapposite to the facts of the present case because the minor plaintiffs "were in horizontal privity with their parents which entitles them to assert contract claims for damages against Fleet." The plaintiffs cite General Statutes, Sec. 42a-2-318 as "analytical guidance for this situation."[2] However, section 42a-2-318 is a provision of the Uniform Commercial Code concerning warranties applicable to sales contracts. Chrysler Corporation v. Maiocco,209 Conn. 579, 587, 552 A.2d 1207 (1989). Since count fourteen does not allege any breach of warranty predicated upon any sales contract governed by the Uniform Commercial Code, the plaintiffs' position with regard to "horizontal privity" will not be considered by the court for purposes of the present motion.
Second, the plaintiffs maintain that since General Statutes, Sec. 47-117 defines "purchaser" as "the original buyer, his heirs or designated representatives, of any improved real estate. . . ." Fleet "has not proven the non-existence of a factual issue that Michael, Jr. and Jason can be deemed, by extrapolation from General Statutes, Sec. 47-117, as parties to the agreement with ["BMC"] even though they were not signatories to the agreement."[3]
CT Page 8567
"General Statutes, Sec. 47-116 et seq. is the New Home Warranties Act. It created express and implied warranties for an original buyer of a newly constructed single family home."Amendola v. Giammattei, 4 Conn. L. Rptr. 587, 588 (June 27, 1991, Ramsey, S.T.R.). To reiterate, count fourteen fails to allege any breach of warranty. Therefore, the plaintiffs' breach of contract claim does not fall within the ambit of General Statutes, Sec.47-116 et seq., nor is Fleet burdened with proving any element with regard to that section.
Finally, the plaintiffs argue that count fourteen may be interpreted to include a claim sounding in tort as well as contract, based upon BMC's alleged failure to provide an accurate inspection report. The plaintiffs posit that since the minor plaintiffs may seek a tort remedy against BMC's successor in interest (Fleet) for a breach of the duty to provide an accurate inspection report, privity is not a "prerequisite" to the minor plaintiffs' claims as set forth in count fourteen.
The plaintiffs' argument is belied by the plain language of their complaint. Count fourteen not only is captioned explicitly as "Breach of Contract; Imputed Liability as Successor in Interest," but alleges a breach of contract claim, as previously recited. Since "`[i]t is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [its] complaint'"; Normand Josef Enterprises v. Connecticut NationalBank, supra, 230 Conn. 495; the plaintiffs' allegations should be limited to breach of contract, and they should not be afforded an opportunity to amend their complaint to include a tort claim via their memorandum of law in direct contravention of the rules of practice that provide for such amendments. See Practice Book, Sec. 176.
For the foregoing reasons, the court grants Fleet's motion for summary judgment as to count fourteen of the plaintiffs' second amended complaint.
Stodolink, J.