[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, in his capacity as Administrator for the Estate of Christine R. Czap (decedent), instituted this proceeding against the Town of Newtown, Connecticut (Town), Newtown police chief Michael DeJoseph (police chief), and Newtown police officers Robert D. Haas and Aaron Bahamonde (officers). In his amended complaint dated April 9, 1996, the plaintiff alleges the following five causes of action: negligence and violation of CT Page 7210 the decedent's due process and equal protection rights under article first, Sec. 8 of the Connecticut constitution, against the officers in counts one and two; negligence, breach of a statutory duty pursuant to Sec. 46b-38b(e) of the General Statutes and violation of the decedent's due process and equal protection rights under the state constitution, article first, Sec. 8, against the police chief and the Town in counts three and four; and an indemnification claim pursuant to Sec. 7-465 of the General Statutes, against the Town in count five. The plaintiff seeks monetary damages, costs, interest and attorney's fees.
The plaintiff's claim arises out of an incident that occurred on November 25, 1993. On that morning, the decedent was shot and killed by Michael Swift, who subsequently shot and killed himself. In his amended complaint, the plaintiff alleges that the defendants' actions prior to November 25, 1993, proximately caused the decedent's death in that, among other things, the officers negligently failed to confiscate Swift's gun during an arrest on November 19, 1993.
On November 19, 1993, the officers responded to a domestic violence incident at the decedent's home. At that time, the officers arrested Michael Swift, who was armed with a pistol, on the decedent's complaint. Prior to taking Swift to police headquarters, the officers told Swift to leave his gun in his truck. At no point did the officers confiscate the gun from Swift. On November 22, 1993, the Newtown Police Department arrested Swift again on a warrant issued for a prior incident involving the decedent, unrelated to the November 19 incident. Subsequently, on November 25, 1993, Swift returned to the decedent's home and shot her to death with the pistol. Swift then fatally shot himself.
By motion dated April 22, 1996, the defendants now move to strike counts two and four of the plaintiff's amended complaint, which allege violations of our state constitution, article first, Sec. 8, as well as the corresponding prayers for relief, on the ground that the constitution does not provide a direct cause of action for monetary relief against municipalities, their agents and/or officers. The defendants claim that counts two and four are insufficient as a matter of law. Relying on Kelley PropertyDevelopment, Inc. v. Lebanon, 226 Conn. 314; and Tremblay v.Webster, Superior Court, judicial district of New London at New London, Docket No. 530898 (March 1, 1996, Hendel, J.,16 Conn.L. Rptr. 260), the defendants argue that neither our courts nor the CT Page 7211 state legislature have ever recognized such a cause of action, and, in fact, that the state Supreme Court has firmly established that our constitution does not provide for monetary damages for violation of a state constitutional right.
In his opposition to the defendants' motion to strike, the plaintiff argues that under State v. Barton, 219 Conn. 529, 546; and Horton v. Meskill, 172 Conn. 615, 639-42, our Supreme Court has authority to interpret the state constitution in a manner that affords greater protection than the federal constitution to its citizens. The plaintiff contends that while the Supreme Court has not yet held that a violation of rights guaranteed by the state constitution gives rise to a claim for damages, the Court has left the door open for just such a claim. The plaintiff distinguishes Kelley Property from the instant case on the basis that, in Kelley Property the Supreme Court declined to recognize a claim of damages because it concluded that the plaintiff had a reasonably adequate statutory remedy pursuant to Sec. 8-8 of the General Statutes while in the present case, there is no comparable statutory remedy for the violation of Czap's rights. Finally, the plaintiff urges this court to apply a federalBivens-type analysis[1] to imply a cause of action for money damages under article first, Sec. 8, of our state constitution.
The motion to strike may be used to "test whether Connecticut is ready to recognize some newly emerging ground of liability." (Citation omitted; internal quotation marks omitted.) Castelvetrov. Mills, Superior Court, judicial district of New Haven at New Haven, Docket No. 320396 January 31, 1994, Gray, J., 9 CSCR 232). The motion to strike admits all facts well pleaded. R.K.Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215. This court must determine whether money damages are available for a deprivation of due process and equal protection rights secured by the Connecticut constitution, article first, Sec. 8,[2] in the absence of a state statute.
Since our Supreme Court has yet to recognize a cause of action for money damages for a deprivation of fundamental rights under article first, Sec. 8 of the state constitution, this court is without authority to do so. In fact, inKelley Property Development, Inc. v. Lebanon, supra, CT Page 7212 314, the Supreme Court specifically declined to create such a cause of action, holding that the court should not construe our state constitution to provide a basis for the recognition of a private damages action for injuries for which the legislature has provided a reasonably adequate statutory remedy. This court is "bound by our Supreme Court's limitation of the contours of article first, § 8, of the constitution of Connecticut."Klein v. Stamford, 43 Conn. Sup. 441, 455.
The plaintiff, once again, distinguishes Kelley Property and argues that, in the present case, no alternative statutory or other remedy exists to redress the alleged deprivation of the decedent's rights. The plaintiff contends that Kelley Property
should be read as limited to the facts of that case, and urges the court to imply a cause of action for damages under the Bivens
doctrine.[3]
While somewhat tempted, this court declines the invitation to apply the Bivens-type analysis. First, although the Supreme Court's conclusion in Kelley Property rests on the finding that the plaintiffs in that case had an alternative statutory remedy pursuant to Sec. 8-8; a fair reading of that case shows that the court was reluctant to apply the federal Bivens analysis to our state constitution at all.[4]
Second, in a federal case factually analogous to the present case, the plaintiffs brought an action against the city of Hartford, its police chief and four Hartford police officers seeking, inter alia, damages for the defendants' violation of the plaintiffs' civil rights under article first, Secs. 1, 7, 8, 9,11 and 12, of the Connecticut constitution. The defendants moved to dismiss the state constitutional claims. In granting the motion to dismiss, Judge Covello, a former Connecticut Supreme Court Justice, stated that:
 Unlike the federal Constitution, the Connecticut constitution does not provide for a money damages claim through a statute or through a state Bivens-type action. The Connecticut [S]upreme [C]ourt has yet to recognize `a common law precedent for the existence of a constitutional claim for damages for any and all alleged misconduct by state and local government officers.' Kelley Property Development, Inc. v. Lebanon, supra, 333 (1993).
(Footnotes omitted.) Gonzalez v. City of Hartford,
CT Page 7213 No. 393CV01544, slip op. at 4-5 (D. Conn. March 23, 1994). The court concluded that "[s]ince the Connecticut courts have not established a common law cause of action for money damages and the Connecticut legislature has yet to create such a statutory right for its citizens . . . the state constitution does not give rise to such a cause of action." Gonzalez v. City of Hartford,
supra, 5. Based on Gonzalez, this court is satisfied that KelleyProperty firmly established that the Connecticut constitution, article first, Sec. 8, does not provide for monetary damages for a violation of due process or equal protection rights in the absence of an explicit statute. Tremblay v. Webster, supra.
For the foregoing reasons, as a matter of law, counts two and four of the plaintiff's complaint fail to state a cause of action for which relief can be granted. Therefore, the defendants' motion to strike those two counts is granted.
Moraghan, J.