[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKEBY DEFENDANT YANKEE EQUIPMENT CORPORATION
The Plaintiff brings this action individually and as Administratrix of the estate of her deceased spouse, Samuel Kershaw. The decedent died while employed on a construction job as a result of an accident involving a lift manufactured and sold by the Defendant Up Right Inc., and owned by the Defendant Yankee Equipment Corporation ("Yankee Equipment") and leased by it to the defendant general contractor.
The allegations against the Defendant Yankee Equipment are set forth in the Seventh through Tenth Counts, inclusive, of the Complaint. The Seventh Count alleges negligence, while the Ninth Count alleges breach of a third party beneficiary contract. The Eighth and Tenth Counts allege loss of consortium, respectively founded upon the preceding count. The Defendant Yankee Equipment moves to strike each of these CT Page 1267-Y counts.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 151; Ferryman v. Groton, 212 Conn. 138,142 (1989). Only the grounds specified in the motion may be considered. Meredith v. Police Commission, 182 Conn. 138,140 (1980). "[A]ll facts well pleaded and those facts necessarily implied from the allegations are taken as admitted."Amodio v. Cunningham, 182 Conn. 80, 82-83 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273,278 (1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, supra, 142. If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. Id.
An action for loss of consortium is derivative of the injured spouse's cause of action. Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 199 (1991). Accordingly, if the Seventh or Ninth Count is stricken, the corresponding Eighth or Tenth Count must also be stricken. Yankee Electric asserts that these counts must be stricken for the following reasons: The Seventh and Eighth Counts because the Connecticut Products Liability Act ("CPLA"), General Statutes § 52-572m, et seq., not therein pleaded, provides the exclusive remedy; and the Ninth and Tenth Counts because they fail sufficiently to allege a cause of action for breach of a third-party beneficiary contract. The Court concurs.
Paragraphs 1 through 19, inclusive, of the Seventh Count are alleged as such in each of these four counts. Paragraph 5 alleges in part that the offending lift was "owned by the defendant Yankee Equipment and had been leased or rented" by it to the defendant general contractor for use on the subject job. Paragraph 15 alleges in part that "[a]t all times relevant hereto the defendant Yankee Equipment was in the business of selling, servicing and leasing construction equipment such as the Up Right lift. . . ."
The CPLA is the exclusive remedy for claims falling within its scope. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462
(1989). Section 52-572m of the CPLA sets forth the following pertinent definitions: CT Page 1267-Z
 (a) "Product seller" means any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term "product seller" also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products.
 (b) "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.
 (c) "Claimant" means a person asserting a product liability claim for damages incurred by the claimant or one for whom the claimant is acting in a representative capacity.
Paragraph 16 of the complaint specifies the defects complained of, all of which are within the purview of Subsection (b) above. By definition, therefore, the Plaintiff is a "claimant" asserting a "product liability claim" against Yankee Equipment, a "product seller." Section 52-572n of the CPLA provides that a "product liability claim . . . shall be in lieu of all other claims against product sellers . . . for harm caused by a product." The Seventh and Eighth Counts are barred by the CPLA.
Paragraphs 20 and 21 of the Ninth Count allege that Yankee Equipment contracted with the defendant general contractor CT Page 1267-AA lessee to provide "equipment which was safe, in fit condition, and suitable for normal uses," and breached its contract by failing to do so. Paragraph 22 then alleges that "plaintiff's decedent was either a third party beneficiary of said contract or agreement or was within the general class of individuals who were foreseeable victims of the conduct of the defendant Yankee when it breached its contract."
"[A] party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to a third party. . . ."Stowe v. Smith, 184 Conn. 194, 196 (1981). The Ninth Count fails to do so. The allusion to foreseeability apparently alleged as an alternate theory of liability in Paragraph 22 implicates the concept of negligence. Either alternative is within the purview of the CPLA.
The motion to strike is granted.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT